772 So.2d 905 (2000)
Carl L. ENGLAND
v.
James BAIRD, James Rainey, and Patrick J. Canulette, as Sheriff of St. Tammany Parish.
No. 99 CA 2093.
Court of Appeal of Louisiana, First Circuit.
November 3, 2000.
*906 Carl L. England, Jackson, Plaintiff/Appellant in Proper Person.
Margaret H. Kern, Jones Fussell, L.L.P., Covington, for Defendants-Appellees James Baird, James Rainey, and Patrick J. Canulette.
BEFORE: PARRO, GUIDRY, and SIMON[1], JJ.
SIMON, Judge Pro Tem.
Carl England appeals a judgment dismissing his claim for damages against James Baird, James Rainey, and Patrick Canulette. The district court dismissed England's suit when England, an inmate, failed to appear or to secure his appearance at trial by writ of habeas corpus ad testificandum.

FACTS AND PROCEDURAL HISTORY
This case arises out of injuries allegedly sustained by Carl England on September 3, 1989, while he was incarcerated in the St. Tammany Parish Jail in Covington, Louisiana. His petition alleges that the defendants, employees of the St. Tammany Parish Sheriff's Office, failed to obtain prompt medical attention for him when another inmate accidentally knocked a hair removal product, Magic Shave, into his eyes. Defendants denied the claim. England has represented himself throughout the course of the litigation.
The record in this case is scant. It contains only one minute entry, no transcripts of hearings held in open court, no notices of trial dates, and no sheriff's returns. The pertinent procedural history of the case, which can be gleaned from the record, is as follows: petition was filed by plaintiff on February 22, 1990; motions for default judgment were filed by plaintiff on *907 October 10, 1991, and November 22, 1991; answer was filed by defendants on December 4, 1991; request for production of documents was filed by plaintiff on July 21, 1992; interrogatories were filed by plaintiff on July 28, 1992; a motion and order compelling written discovery was filed by plaintiff on September 9, 1992;[2] notice of intention to apply to the First Circuit Court of Appeal for writs of certiorari was filed by plaintiff on October 13, 1992; the writ was granted in part on August 27, 1993;[3] motion and order to enforce writ was filed by plaintiff on November 29, 1993; answers to the plaintiff's discovery requests were filed by the defendants on January 3 and 23, 1994.
The record further reflects that the case was set for trial on three occasions, twice on motion of the plaintiff. Three times the trial was continued on motion of the defendants; the July 7, 1997 trial date was continued because defendants needed more time to locate witnesses; the November 3, 1997 trial date was continued because defendants could not locate the plaintiff for discovery; the January 6, 1998 trial date was continued when the attorney for the defendants could not locate one of his clients.
The record contains a motion to set a new trial date filed by England on January 23, 1999. This motion stated that England was notified of the new court date of January 21, 1999. Having no control over his transportation, he requested a new trial date and an issuance of a subpoena ad testificandum for his transportation to court. The record next contains a judgment of dismissal signed February 1, 1999. It stated that the matter came for trial on January 21, 1999; the plaintiff having failed to appear or to secure his appearance at trial by writ of habeas corpus ad testificandum, the suit was dismissed.
On February 9, the plaintiff filed an "objection" to the court's judgment of dismissal, asking the court to reconsider, because although he notified correction officials of the trial date, they did not transport him to court. He also asked for a new trial date. The record contains no response to this pleading. On April 27, 1999, he applied to this court for a supervisory writ. Following a writ denial, plaintiff files this appeal.

DISCUSSION
In his assignment of error, England contends that the district court should not have dismissed his suit when he had no control over his transportation. He argues that he forwarded his "court notice" to the Dixon Correctional Institute officials and this procedure was sufficient for a previous court date. England also asserts that he was treated unfairly. He was present and ready for trial on January 6, 1998. That trial was continued at the defendants' request; he has not received the same consideration.
La.Code of Civ. P. art. 1672(A) provides that a judgment dismissing an action shall be rendered, upon the application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the trial court shall determine whether the judgment of dismissal shall be with or without prejudice. The trial court's dismissal of a cause of action based upon plaintiff's failure to appear for trial will not be reversed on appeal absent a showing that the trial court abused its discretion. Keyes v. Johnson, 542 So.2d 209 (La.App. *908 3 Cir.), writ denied, 546 So.2d 1215 (La. 1989).
In Taylor v. Broom, 526 So.2d 1367, 1369-70 (La.App. 1 Cir.1988), this court stated:
A prisoner has a right of access to state and federal civil courts. La. Const. of 1974, art. I, Sec. 22; Pollard v. White, 738 F.2d 1124 (11th Cir.1984). However, this right does not necessarily include the right to be physically present at the trial of a civil suit. Pollard, 738 F.2d at 1125; Jones v. Phelps, 374 So.2d 144 (La.App. 1st Cir.1979). Generally, prisoners who bring civil actions have no right to be personally present in court at any stage of the action. Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights among which is the right of a prisoner to plead and manage his action in court personally. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).
Yet, this court remanded the Taylor case to the trial court for it to hold a hearing and fashion a method by which the testimony of the inmate and his three prisoner witnesses could be presented to the trial court, suggesting that the available options included: (1) bringing the inmate and his witnesses to the court; (2) convening court at the prison; (3) taking perpetuating depositions of the inmate and his witnesses; and (4) using any reasonable combination of options (1), (2), and (3). Taylor, 526 So.2d at 1373. In contrast, the Third Circuit Court of Appeal held, in Proctor v. Calahan, 95-210 (La.App. 3 Cir. 8/30/95), 663 So.2d 110, that the trial court did not abuse its discretion by denying the inmate's motion for issuance of a writ to secure his presence in court for a hearing on his motion to traverse the trial date, then dismissing his lawsuit for failure to appear at trial.
The federal case law affords more liberal access to courts for a prisoner bringing a civil action. Jurisprudence consistently finds that, despite the restrictions on a prisoner's ability personally to conduct a civil case, a trial court may not lightly dismiss an incarcerated individual's suit for failure to prosecute. Hernandez v. Whiting, 881 F.2d 768 (9th Cir.1989). A dismissal for failure to prosecute is a harsh sanction that turns counter to the policy of the law favoring the disposition of cases on their merits. Accordingly, such dismissal should be used only in extreme situations where a plaintiff has engaged in "a clear pattern of delay or contumacious conduct." Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). A dismissal for failure to prosecute constitutes error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal. Heidelberg v. Hammer, 577 F.2d 429 (7th Cir.1978).
In Heidelberg, the inmate plaintiff had engaged in numerous pretrial activities, such as discovery and the filing of motions. When he did not appear for trial, the trial judge dismissed his action. Plaintiff had made no attempt to ensure his presence by obtaining a writ. The Seventh Circuit reversed the dismissal, finding that the trial judge should have considered less harsh alternatives, such as a bench trial in prison, a trial by depositions, or compelling the inmate's presence through an ad testificandum writ. Id. at 431. The appeal court remanded for the consideration of these alternatives.
The procedural history of the case at bar reflects that England has diligently pursued his claim. He has filed motions, requested the production of documents, filed for writs, and moved to set the case for trial.[4] His suit was dismissed when he failed to take the proper steps to obtain his presence at trial. The record is devoid of *909 evidence of the trial court's considerations in regard to this dismissal except England's failure to appear and failure to obtain a writ of habeas corpus ad testificandum. Under these circumstances, we find it is an abuse of discretion that less harsh alternatives were not considered by the trial judge. Accordingly, we follow this court's precedent in Taylor and remand for the trial court to consider other options.

DECREE
The dismissal is reversed, and the case is remanded. Costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.
GUIDRY, J., concurs in the result.
NOTES
[1] Judge Anne L. Simon of the 16th Judicial District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] England's motion to compel was denied September 16, 1992.
[3] This court stated:

WRIT GRANTED IN PART AND DENIED IN PART. Under the facts of this particular case, relator is entitled to a response to his interrogatories without the need for a hearing. La. C.C.P. art. 963. Accordingly, that part of the trial court's order denying relator's motion to compel is reversed, and respondents hereby are ordered to respond to the interrogatories propounded by relator on or before September 27, 1993. In all other respects the writ is denied.
[4] England's brief includes copies of letters sent to him informing him of the January 6 and the January 21, 1999 trial dates. These letters were also attached to his "objection" to the court's judgment.