11 EDWIN A. LOMBARD, Judge.
This appeal is from a judgment entered by a workers’ compensation administrative law judge (ALJ) denying plaintiffiappel-lant’s motion to amend her complaint and dismissing her claim with prejudice. Appellant sets forth two assignments of error in this appeal. First, she contends that the ALJ erred by failing to grant her request to amend her claim to add a new defendant; and second, that the ALJ erred by dismissing her claim with prejudice.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In August 2000, counsel filed a claim for workers’ compensation on behalf of appellant, Rolanda Lewis, alleging that she injured her back on April 4, 2000, while employed by defendant/appellee, Evans Quality Temps, on the job at Delta Petroleum. Defendant/appellee Evans Quality Temps answered the claim on November 9, 2000, indicating that at the time of the alleged injury, workers’ compensation insurance was provided by “self-insured & Liberty Mutual.”
An order of dismissal for non-prosecution was issued by the Office of Workers’ Compensation on January 22, 2001. The dismissal was without prejudice and the order indicated that the case could be reinstated upon a showing of good cause filed within 30 days of order. On February 22, 2001, counsel for | ¡^appellant filed a motion for reinstatement on her behalf. The motion was granted and a telephone status conference was set for April 3, 2001.
The trial was initially set for July 16, 2001. Defendant/appellee filed an amended answer on April 19, 2001, pleading the defense of intoxication and on July 11, 2001, filed its pretrial statement, stipulating that appellant was in its employ at the time of the alleged injury and working as a general laborer at Delta Petroleum. On July 18, 2001, however, the trial was reset for October 15, 2001.
On September 11, 2001, defendant/ap-pellee filed a motion to compel discovery. Counsel for appellant advised the ALJ on September 26, 2001, that he would provide discovery answers no later than October 3, 2001, an order was entered to that effect, and the trial was continued to December 11, 2001. Discovery was not forthcoming, *726 however, and on October 31, 2001, defendant/appellee filed a motion to compel the appellant to show cause why her claim should not be dismissed with prejudice. On November 28, 2001, after a hearing on appellee’s motion, an order was issued ordering appellant to produce answers to discovery by December 7, 2001, failing which the case would be dismissed, and continuing the trial until March 4, 2002. The trial was subsequently continued until May 10, 2002. On that date, the ALJ issued an order continuing the trial until July 18, 2002, and ordering the appellant to file pretrial responses within twenty days. On June 6, 2002, defendant/appellee moved for an order to compel the appellant to show cause why her claim should not be dismissed with prejudice for failing to comply with the judge’s order to file a pretrial statement. On June 7, 2002, the ALJ issued an order for the appellant to appear on June 26, 2002, and show cause why her claim should not be dismissed with prejudice.
| (¡Appellant’s counsel appeared at the hearing on June 26, 2002, and informed the ALJ that he had been unable to locate or contact his client to obtain the information necessary for the pretrial statement. In addition, he filed a motion to amend to add Delta Petroleum as a defendant. The ALJ denied the motion to amend and issued an order dismissing the case with prejudice for claimant’s failure to appear at the hearing despite the court’s notice to her and for counsel’s failure to filed pretrial responses in accordance with the order of May 10, 2002.

STANDARD OF REVIEW

The issue before the court is whether the ALJ abused her discretion in denying the motion to amend and imposing the harsh sanction of dismissal with prejudice. A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880, 882 n. 2 (La.1993). To the extent that a denial of a motion to amend or a determination to dismiss for failure to comply with pretrial orders constitutes a discretionary determination rather than a factual finding or conclusion of law, the determination is reviewed for abuse of discretion. Benware v. Means, 99-1410 (La.1/19/00), p. 4, 752 So.2d 841, 847.[1]

ASSIGNMENT OF ERROR 1

Appellant argues that the ALJ abused her discretion in dismissing her claim with prejudice. First, appellant argues that the dismissal was erroneous because no evidence was presented in support of the defendant/appellee’s motion to dismiss with prejudice. The defendant/appellee’s motion was based upon the appellant’s failure to comply with the court’s order to file a pretrial statement on or before LMay 30, 2002, however, and it is undisputed that the appellant failed to file the pretrial statement as ordered.
Next, the appellant contends that the ALJ failed to indicate the claim would be dismissed with prejudice for non-compliance with the order to file a pretrial statement. This contention is contrary to the record evidence, however. The order to appear and show cause issued by the ALJ on June 7, 2002, ordered the Plaintiff to appear and show cause on June 26, 2002, why her claim should not be dismissed with prejudice.
Although dismissal of appellant’s claim is a harsh sanction, in this case it was *727 based in part upon the appellant’s failure to comply with the court order that she appear at the hearing on June 26, 2002, and not solely upon counsel’s actions. Moreover, counsel’s failure to comply with the pretrial orders was based in part on his inability to find and communicate with his client despite good faith efforts to do so. Based upon these circumstances, we find no abuse of discretion or error of law in the ALJ’s dismissal of appellant’s claim with prejudice.

ASSIGNMENT OF ERROR 2

Appellant also argues that the denial of her motion to amend was an abuse of discretion and error of law. By motion filed on June 26, 2002, appellant sought to add Delta Petroleum as a defendant. Appellant contends that this amendment was necessary because defendant/appellee failed to demonstrate that it had workers’ compensation. However, a review of the record indicates that defendant/appellee filed its answer on November 9, 2000, stating that its workers’ compensation insurance provider was “self-insured & Liberty Mutual.” The motion to amend was not filed until nineteen months later, however, and on the day that the claim was dismissed. Moreover, Delta Petroleum’s identity as a possible defendant was Isknown at the time of the accident. Accordingly, under these circumstances, we find no abuse of discretion or error of law in the ALJ’s denial of appellant’s motion to amend.

CONCLUSION

For the foregoing reasons, the judgment of the workers’ compensation administrative law judge is affirmed.

AFFIRMED.

. The issue in Benware, which both parties cite as the appropriate standard of review in this case, was whether a state trial judge abused his discretion in imposing harsh sanctions upon a defendant in the legal malpractice action for failing to comply with his obligations imposed by the court for the preparation of the pre-trial order.