897 So.2d 703 (2004)
Reynaldo ZAVALA
v.
ST. JOE BRICK WORKS, INC.
No. 2004 CA 0065.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
John W. Redmann, Yurbin E. Velasquez, New Orleans, Counsel for Plaintiff/Appellant Reynaldo Zavala.
Gregory J. Hubacheck, Metairie, Counsel for Defendant/Appellee St. Joe Brick Works, Inc.
*704 Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
Plaintiff, Reynaldo Zavala, filed a claim for workers' compensation benefits on March 24, 2003 against his employer, St. Joe Brick Works Co. Mr. Zavala asserted he suffered three separate on-the-job injuries. St. Joe and its insurer, Bridgefield Casualty Insurance Company (collectively referred to as St. Joe), answered the claim and denied any benefits were owed. On September 2, 2003, Mr. Zavala filed a motion for expedited hearing. Although trial had apparently been set for October 23, 2003, the motion asserted that Mr. Zavala was in dire straits and needed an earlier hearing on his claim. Defendant, St. Joe, opposed the motion by arguing misuse of a summary proceeding. The judge ordered St. Joe to show cause on September 19, 2003, why the motion for an expedited hearing should not be granted. On St. Joe's motion for a continuance, and despite opposition by plaintiff, the show cause hearing was continued until October 2, 2003; three weeks before the scheduled trial date.
At the beginning of the hearing on October 2, 2003, the workers' compensation judge stated that "this matter was set for an expedited hearing this morning...." Further, the judge noted that a telephone conference had been held earlier in the week and plaintiff's attorneys were to notify the judge if they decided not to proceed. Although one of Mr. Zavala's attorneys left a message that he could not attend the hearing, the other, Mr. John W. Redmann, did not; neither attorney notified the court in writing. In response to questioning by the judge, St. Joe's counsel agreed that he was ready to proceed with an expedited hearing. However, he informed the judge that plaintiff's counsel contacted St. Joe's counsel just before the hearing and requested dismissal of plaintiff's motion for an expedited hearing. St. Joe's counsel also reminded the judge that St. Joe had opposed such a hearing, and stated that St. Joe's discovery was not complete. During the hearing, St. Joe also filed a motion to compel and a motion for a continuance of the trial set for October 23rd. However, after a brief recess, the judge, apparently on her own motion, decided to hear all the merits of Mr. Zavala's claim. St. Joe submitted evidence, argued that the employer owed no further benefits to Mr. Zavala, and asked for costs and attorney's fees. At the end of the hearing, the judge dismissed Mr. Zavala's claim, with prejudice, and assessed Mr. Zavala with costs and $200.00 in attorney's fees. A judgment to that effect was signed on October 3, 2003. Mr. Zavala appealed. We vacate the judgment, and remand with instructions.
The due process notice required to be given to the parties to a suit must be reasonably calculated to apprise them of the pendency of an action and afford them an opportunity to be heard, including adequate notice of trials and hearings. Zachary Taylor Post No. 3784 v. Riley, 481 So.2d 699, 701 (La.App. 1 Cir.1985); see Benware v. Means, 99-1410, p. 12 (La.1/19/00), 752 So.2d 841, 848. Although La. C.C.P. art. 1672 gives a court authority to dismiss an action for a willful failure of plaintiff to appear on the day noticed for trial, there is no similar procedural code provision for pre-trial proceedings. Efferson v. Bargain Time, Inc., 93-2264, p. 3 (La.App. 1 Cir. 6/23/95), 657 So.2d 750, 751. When a plaintiff does fail to appear for trial, the court must determine whether the dismissal is to be with or without prejudice. La. C.C.P. art. 1672 A; England v. Baird, 99-2093, p. 4 (La.App. 1 Cir. 11/3/00), 772 So.2d 905, 907. However, a dismissal for failure to prosecute is a harsh remedy. England, 99-2093 at p. 5, 772 *705 So.2d at 908. An important consideration before dismissal of a claim is "whether the misconduct was by the attorney or the client, or both." Benware, 99-1410 at pp. 8-9, 752 So.2d at 847. A court must also consider a broad range of less severe alternatives prior to deciding on dismissal. England, 99-2093 at p. 5, 772 So.2d at 908. If the record does not contain evidence of a plaintiff's separate act of "willfulness, bad faith, or fault," failures by plaintiff's counsel to appear or follow court orders may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. In re Medical Review Panel, 99-2088, p. 8 (La.App. 1 Cir. 12/22/00), 775 So.2d 1214, 1218; see Benware, 99-1410 at p. 9, 752 So.2d at 847; Allen v. Smith, 390 So.2d 1300, 1302 (La.1980). A dismissal for failure to appear, or comply with a court's order, is reviewed for abuse of discretion. See Benware, 99-1410 at p. 9, 752 So.2d at 847; England, 99-2093 at p. 4, 772 So.2d at 907; Lewis v. Evans Quality Temps, 03-0353, p. 3 (La.App. 4 Cir. 10/1/03), 859 So.2d 724, 726.
While the initial motion for an expedited hearing may have been an attempt to obtain an earlier trial date on the full merits, the issue subsequently appears to have been narrowed. In "Claimant's Reply to Defendant's Memorandum in Opposition for Expedited Hearing," the specific issue asserted was Mr. Zavala's right to see his chosen physician to obtain treatment. See La. R.S. 23:1121 & 1124. However, the record contains no notice of a grant of the motion for the expedited hearing, of the setting of an expedited hearing, or of a change in the character and scope of the hearing set for October 2nd. The only notice of record is for a contradictory show cause hearing on whether the motion for an expedited hearing should be granted. In addition, the record contains no evidence on the issue of Mr. Zavala's fault in relation to his counsel's failure to appear.
From our review of this particular record, sanctions against Mr. Redmann for his failure to appear at a noticed show cause hearing are warranted. However, we find that the dismissal of Mr. Zavala's claim, with prejudice, and the assessment against him of attorney's fees, was an abuse of discretion. Less harsh alternative sanctions against plaintiff's counsel, such as fines or fees, would have enforced the order and efficiency of the court, without unduly prejudicing the rights of a claimant who had not received due notice that his full claim would be heard.
For these reasons, we vacate the judgment, order that trial on the merits be re-set within 60 days of the date of this opinion, and remand for further proceedings. Costs are assessed as follows: one-half to defendant-appellant, St. Joe Brick Works Co., and one-half to plaintiff-appellee's attorney, Mr. Redmann.
JUDGMENT VACATED, AND CASE REMANDED, WITH INSTRUCTIONS.