JAROED TAIT SLOCUM
v.
KEN MAJOR REALTY, THE ESTATE OF JEFFREY ROY BRASSEAUX JR., THROUGH HIS HEIRS, KEVIN BRASSEAUX, ASHLEY B SSEAUX, BRIDGETTE BRASSEAUX, THROUGH HIS EXECUTOR, DALE BRASSEAUX.
No. 2007 CA 0803.
Court of Appeals of Louisiana, First Circuit.
December 21, 2007.
NOT FOR PUBLICATION.
ROBERT HALLACK, Counsel for Plaintiff/Appellee, Jaroed Tait Slocum.
JENA SMITH, LANCE J. ARNOLD, Counsel for Intervenor/Appellant, Regions Mortgage Company.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
WHIPPLE, J.
In this appeal, intervenor, Regions Mortgage Company ("Regions"), challenges a judgment of the trial court dismissing its claims with prejudice on the basis that Regions failed to appear at trial in support of its intervention. For the following reasons, we amend and as amended, affirm.

FACTS AND PROCEDURAL HISTORY
On August 13, 1999, plaintiff, Jaroed Tait Slocum, purchased a residence located at 3053 Louisiana Highway 78, Livonia, Louisiana that had been owned and built by the late Jeffrey Roy Brasseaux. Gay Aguillard, an agent with Ken Major Realty, was the real estate agent for the purchase and sale. Plaintiff financed the purchase of the home and property through Regions Mortgage, Inc. According to plaintiff, in October of 1999, he began discovering sinkholes in the yard near the home, which caused the doors, windows, and ceiling of the home to crack. The cracks began to expand over time. Plaintiff subsequently discovered that the home had been built on a landfill containing large blocks of concrete debris and other types of construction debris.
On July 18, 2001, plaintiff filed a suit for damages against Brasseaux's estate and Ken Major Realty, asserting claims under the New Home Warranty Act, the Unfair and/or Deceptive Trade Practices Acts, and Louisiana Civil Code articles 1995, 2475, 2524, and 2545. Plaintiff alleged that Brasseaux either placed dirt in the landfill or knew that dirt had been placed over the landfill before constructing the home, but never disclosed this to plaintiff. Plaintiff further alleged that the real estate agent knew or should have known and should have disclosed to him that the home had been built on a landfill and that the home would eventually suffer major structural and foundational problems.
"Ken Major Realty" was voluntarily dismissed after filing an exception of lack of procedural capacity to be sued.[1] In its stead, plaintiff thereafter filed a supplemental and amending petition to name as additional defendants real estate agents, Joseph Major and Gay Aguillard, and their insurer, Twin City Fire Insurance Company. Major was eventually dismissed on an exception of no cause of action.
Regions Mortgage, Inc., as the holder and owner of the promissory note secured by the mortgage upon the house and property, filed an intervention in the proceeding on April 3, 2006, to protect its mortgage.[2]
By motion of plaintiff filed May 1, 2006, the matter was set for a status conference to set a trial date on June 20, 2006.[3] Counsel then representing Regions waived appearance at the status conference, which was held with counsel for plaintiff and counsel for Aguillard and her insurer in attendance. Regions does not dispute that it was notified but did not make any appearance at the status/scheduling conference. At the June 20th conference, the matter was set for jury trial on September 14 and 15, 2006, and notice of assignment of trial, dated June 27, 2006, was then issued by the Clerk's Office of the Eighteenth Judicial District Court for the Parish of Pointe Coupee to counsel for plaintiff, Aguillard and her insurer, and Regions, specifically notifying the parties of the time and date of the trial.
After the matter was scheduled for trial, a formal mediation was held at a date agreed upon by all parties, including Regions. However, Regions elected not to attend or participate in the mediation. As a result of the mediation, plaintiff settled with Aguillard and her insurer in the amount of $35,000.00.[4]
The matter was called for trial on September 14, 2006. On that date, only plaintiff and his counsel appeared for trial. An extensive colloquy between plaintiff's counsel and the court then ensued concerning the issue of whether Dale Brasseaux, the succession representative for his brother, Jeffrey Brasseaux, the builder, had received notice of the trial date. Because Dale Brasseaux was not listed on the notice of assignment of trial issued by the clerk's office; the court (and plaintiff's counsel) agreed that he had not received notice of the trial date. Accordingly, plaintiff's counsel requested that the trial of the main demand be continued to allow proper service upon the succession representative, but that the petition for intervention be dismissed for failure to appear at trial, as proper notice of the trial had been issued to Regions. After determining that the record showed that notice had been issued to Regions through its counsel of record, and noting that the court had also waited some time for Regions' counsel to appear, the trial court continued the trial, but dismissed the petition for intervention for failure to appear. The trial court granted plaintiff's other requests, continued the matter to September 26, 2006, and ordered that Dale Brasseaux, as succession representative for Jeffrey Brasseaux, and Jeffrey Brasseaux's three heirs be served with notice of the trial date.
The matter again came for trial of plaintiff's claims against the builder on September 26, 2006. On that date, plaintiff and his counsel appeared, but Dale Brasseaux appeared without counsel. With the assistance of the court, the parties reached a settlement agreement. Regions did not make an appearance on September 26, 2006. A written judgment dismissing intervenor's claims with prejudice was signed in open court by the trial court during the September 26, 2006 hearing. A judgment in conformity with the stipulated settlement agreement between plaintiff and the estate and heirs of Brasseaux was also signed on September 26, 2006.
Thereafter, Regions filed a motion for new trial, essentially alleging that it did not receive notice of the September 14th trial date.[5] Regions also alleged that it did not receive any notice of the judgment rendered and signed on September 26, 2006, dismissing its claim, until after it was rendered. In the meantime, plaintiff filed a Motion to Cancel Mortgage and Note. Both motions came for hearing on December 7, 2006, where the trial court determined that Regions had specifically elected not to attend the pretrial conference at which the trial date was selected and that notice of the trial fixing had been sent to Regions.[6]
Regions appeals from the judgment of the trial court,[7] framing its assignments of error as follows:
1. The trial court abused its discretion in dismissing Regions' Petition for Intervention with prejudice, after finding that the record showed Regions had notice of the September 14, 2006 trial date and/or waived its right to participate in the litigation when it did not appear at the status conference.
2. The trial court erred as a matter of law when, on September 26, 2006, it signed the Buyer's Proposed Order dismissing Regions' Petition for Intervention with prejudice.

DISCUSSIONS[8]

Assignment of Error No. 1
At the outset, we note that although other parties filed written requests for notice, the record reflects no such request was filed by Regions until January 18, 2007, i.e., after the hearing and trial date. Nonetheless, the record shows that counsel for Regions was sent a notice of assignment of trial by the clerk's office, advising the parties of the trial date. Regions initially argued that it had received no notice regarding the trial date, contending that on prior occasions, "since we've been filing our motions, we've been served by the Sheriff every time we get a hearing date." After the record was shown to contain documentation that the clerk's office had issued notice by mail to Regions through its then counsel of record, counsel for Regions denied ever receiving notice of the trial date.
The names and addresses of the three parties listed on the notice of assignment of trial date are: (1) counsel for plaintiff; (2) counsel for Gay Aguillard; and (3) counsel for Regions. At the hearing on the motion for new trial, in response to questioning by the trial court, counsel for plaintiff indicated that he had received the notice of assignment issued by the court. The court noted that counsel for Aguillard also received the notice issued by the court, as her counsel likewise appeared for trial.
Despite the clerk's service notation, Regions argues on appeal that "[t]here is nothing in the record to show that the Notice of Assignment was ever served and/or sent to the parties listed," nor is there anything "in the record to suggest that either Notice was provided to or served on all parties involved in the litigation."
To the extent that Regions now argues the service was defective because the notice was given by ordinary mail and not by service from the sheriff's office, we note that LSA-C.C.P. art. 1313, entitled "Service by mail, delivery, or facsimile," found in Title II. Citation and Service of Process, Chapter 5. Service of Pleadings, provides in part as follows:
A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
(2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.
* * * * *
B. When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314.
Moreover, LSA-C.C.P. art. 1314 provides, in part:
A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
(1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.
These articles, however, clearly deal with service and citation of pleadings. In the instant case, we are faced with the issuance of a notice of assignment of trial by the clerk of court. We thus find no merit to Regions' argument that this notice was required to be served upon all counsel of record by the sheriffs office.
Further, to the extent that Regions argues that the notice was defective because it was not sent by certified mail, Louisiana Code of Civil Procedure article 1572, found in Title V. Trial, Chapter 2. Assignment of Cases for Trial, which is the controlling authority in this case, provides that:
The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.
(Emphasis added.)
As noted above, the record in this matter does not contain a written request for notice by Regions pursuant to LSA-C.C.P. art. 1572; nor does the record show that a request for written notice of trial was filed, prior to the hearing on September 14, 2006 or the trial on September 26, 2006.[9] Absent a request for notice of trial date pursuant to LSA-C.C.P. art. 1572, Regions is not entitled to relief on appeal on the basis of the failure to issue such written notice of the date of trial by certified mail. See Darnall v. John K. Darnell, Inc., 526 So. 2d 1317, 1321 (La. App. 1st Cir.), writ denied, 531 So. 2d 273 (La. 1988).
Specifically, in default of a written request for notice pursuant to LSC.C.P. art. 1572, the manner of notice provided by the clerk's office herein, i.e., by ordinary mail, was legally correct.
This assignment of error lacks merit.

Assignment of Error No. 2
In this assignment, Regions contends that the trial court erred as a matter of law in dismissing Regions' petition for intervention on September 14, 2006, with prejudice. In support, Regions contends that the judgment submitted to the trial court proposed to dismiss. Regions' claims "with prejudice," a determination that Regions claims was not made by the trial court on the record.
According to the transcript of the September 14, 2006 hearing, the trial court stated that the "Petition for Intervention will be dismissed for failure to appear to prosecute it." Thus, the trial court did not specifically note that the motion for dismissal of the intervention was granted with prejudice. The written judgment presented to the trial court for signature, however, stated that the intervenor's claims were dismissed "with prejudice." The trial court signed the judgment as presented by counsel for plaintiff.
The trial court's dismissal of an action based upon plaintiff's failure to appear for trial will not be reversed on appeal absent a showing that the trial court abused its discretion. England v. Baird, 99-2093 (La. App. 1st Cir. 11/3/00), 772 So. 2d 905, 907.
As set forth above, the record shows that at the September 14, 2006 hearing, the trial of the main demand was continued (due to lack of service on defendant's representative). Further, the trial court made no specific ruling on the record that Regions' intervention was to be dismissed with prejudice. Given that defendant Brasseaux also failed to appear; and that the trial date of the main demand was continued, we fmd that the trial court abused its discretion in dismissing Regions' intervention with prejudice.
Finding merit to Regions' argument that the trial court abused its discretion in dismissing its petition of intervention with prejudice, we amend the judgment of the trial court to reflect that the dismissal of Regions' petition for intervention is without prejudice.[10]

CONCLUSION
For the above and foregoing reasons, the September 26, 2006 judgment of the trial court is amended to provide that the dismissal of the petition for intervention is without prejudice, and as amended, is affirmed. The motion to attach the December 7, 2006 transcript of the trial court to appellant's brief is denied as moot. Costs of this appeal are assessed against the appellant, Regions Mortgage Company.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] "Ken Major Realty" is a trade name and not a juridical entity capable of being sued.
[2] The mortgage and note in the amount of $78,221.00 were executed by Jaroed Tait Slocum on August 13, 1999. The mortgage was recorded in Pointe Coupee Parish on August 13, 1999.
[3] Attached to the motion is a "Certificate of Service," executed by plaintiff's counsel, setting forth that a copy had been furnished to counsel for all parties "via regular mail."
[4] By letter dated September 8, 2006, counsel for Aguillard advised counsel for Regions that the $35,000.00 in settlement proceeds were being deposited into the registry of the court for distribution by the court. Counsel for Aguillard also enclosed a motion to dismiss the petition for intervention to be executed by counsel for Regions.
[5] At the hearing, Regions argued that it had not received notice of either the September 14th or the September 26th trial dates.
[6] The trial court then took up the matter of the plaintiff's request for cancellation of the mortgage. After heated argument and a bench conference, however, the trial judge recused himself prior to ruling on that motion.
[7] On February 5, 2007, Regions filed a motion and order for appeal of the final judgment rendered December 15, 2006. The record contains no judgment dated December 15, 2006. By correspondence dated March 14, 2007, Regions' counsel wrote to the clerk of court and stated that its motion for devolutive appeal contained a typographical error. The letter notes that the date of the final judgment for purpose of this appeal is December 7, 2006.

In Dural v. City of Morgan City, 449 So. 2d 1047, 1048 (La. App. 1st Cir. 1984), this court stated "there is a line of Supreme Court cases which holds that where a motion for appeal refers by date to the judgment denying the motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits." (Citations omitted.) Thus, in the instant matter, we conclude the judgment for review on appeal is the September 26, 2006 judgment, which dismissed Regions' intervention with prejudice.
[8] Regions filed a motion for leave to attach to its brief transcripts of the hearings before the trial court on September 14, 2006, September 26, 2006, and December 7, 2006, or in the alternative, that the record be corrected and supplemented to include transcripts from the September 14, 2006 and September 26, 2006 hearings pursuant to LSA-C.C.P. art. 2132. On review, another panel of this court: (1) granted the motion, in part, directing the lower court to supplement the appellate record with two certified copies of the transcript of the hearings on September 14, 2006 and September 26, 2006 at Regions' costs; (2) referred the portion of the motion seeking to attach the December 7, 2006 transcript to its brief to this panel; and (3) denied that portion of the motion seeking to attach the September 14, 2006 and September 26, 2006 transcripts to the brief. See 2007 CA 0803. Because the December 7, 2006 transcript is already included in the appellate record, however, we deny as moot the portion of the motion seeking to attach the December 7, 2006 transcript to the brief.
[9] We note that on November 29, 2006, Regions filed a motion to substitute additional counsel of record. Subsequently, on January 18, 2007, some four months after the trial of this matter, Regions filed its first request for notice in the record below.
[10] We note that as the mover seeking a new trial and to have the dismissal completely set aside, Regions was required to establish the grounds for its motion. Dragon v. Schultz, 97-664 (La. App. 5th Cir. 1/14/98), 707 So. 2d 1274, 1276. When faced with the service documentation showing notice to then counsel, Regions argued that its prior counsel of record either had not received the notice or had failed to advise the firm of the trial date, and had left the firm. However, Regions presented no evidence or testimony to support these claims. Further, as the trial court properly observed, any errors or omissions occasioned by the purported acts or failure to act of Regions' prior counsel of record, including any failure to appear, are matters properly addressed between Regions and its counsel and do not establish error by the trial court.