HUGHES, J.
12This is an appeal of a judgment of the Nineteenth Judicial District Court dismissing plaintifflappellant’s claims based on her failure to appear in court on the day of the hearing. For the following reasons, we vacate and remand.
FACTS AND PROCEDURAL HISTORY
Helen Delahoussaye Kelly and Thomas Michael Kelly (Tom) were married and have two children together. The parties divorced on December 17, 2002 and thereafter, Tom was ordered to pay child support in the amount of $1,250.57 per month, plus 79% of all non-reimbursed extraordinary medical expenses, extended care, after-school, care, summer care, and babysitting charges incurred by Helen relating to her education or employment. Tom was further ordered to pay 79% of the costs for tuition, registration, books, and supply fees for the children.
On April 20, 2010 Helen filed a “Rule for Contempt, Arrearages, Attorney’s Fees, and Costs” alleging that Tom had failed to pay his 79% of certain costs, as allegedly ordered by the judgment relative to his child support. In support of her motion, she attached a list describing the charges and setting forth his portion of the expenses. The matter was originally set for trial on December 8, 2010, but was continued to March 17, 2011.[1] Helen did not appear at the trial, but was represented by counsel. Her attorney requested a continuance, stating that Helen had been “bumped” from her return flight from Florida and was unable to appear. Tom’s counsel moved for an involuntary dismissal. The court granted the motion for involuntary dismissal, with prejudice.
laOn June 20, 2011 Helen filed a motion for new trial. At the hearing, counsel for Helen argued that the court abused its discretion in denying the motion for continuance and in granting Tom’s motion for *181 involuntary dismissal. In support of her motion, Helen attached a copy of the flight itinerary, and explained to the court that she was unable to take a later flight and return to Louisiana on March 15 or 16 due to complications from a pre-existing medical condition that required her to seek medical attention in Florida. However, the court was not persuaded by the argument, noting that she did not seek medical attention until March 18, the day after the trial date.[2] Finding no legal basis mandating the grant of a new trial, and declining to use its discretion in favor of Helen, the court denied the motion for new trial. Helen appeals the June 13, 2011 judgment dismissing her claims, as well as the August 9, 2011 judgment denying the new trial. She makes the following assignments of error:
1. The trial court erred in dismissing an action for past due support, thereby affecting the welfare of the minor children, because of the failure of the mother to appear at trial for the circumstances herein discussed.
2. The trial court erred in not granting her motion for new trial on the issue of the arrearages in support accumulated and for which the Appellant is entitled to recover.
3. The trial court erred in modifying the support in this matter by eliminating the requirement for the Appellee to pay his percentage of private schooling and or ordering Appellant to keep the minor children in a private school at her expense without just cause.[3]
|„LAW AND ANALYSIS
Louisiana Code of Civil Procedure article 1672(A)(1) provides that “[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial.” When a plaintiff does fail to appear for trial, the court must determine whether the dismissal is to be with or without prejudice. LSA-C.C.P. art. 1672(A), England v. Baird, 99-2093 (La.App. 1 Cir. 11/3/00), 772 So.2d 905, 907. However, a dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. England v. Baird, 772 So.2d at 908. If the record does not contain evidence of a plaintiffs act of “willfulness, bad faith, or fault,” a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiffs claim, with prejudice. Zavala v. St. Joe Brick Works, Inc., 04-0065 (La.App. 1 Cir. 12/17/04), 897 So.2d 703, In re Medical Review Panel, 99-2088 (La.App. 1 Cir. 12/22/00), 775 So.2d 1214, 1218. Moreover, the jurisprudence holds that a party represented by counsel at a proceeding before the court is not considered absent. See LSA-C.C.P. art. 1672, comment (g),[4] Cf *182 LSA-C.C.P. art. 6; Dickens v. Commercial Union Ins. Co., 99-0698 (La.App. 1 Cir. 6/23/00), 762 So.2d 1193. The presence of the plaintiff in court is not essential in all cases. Spencer v. Children’s Hospital, 432 So.2d 823 (La.5/23/83).
|sTom’s attorney moved for an involuntary dismissal at the hearing based on Helen’s absence, and the trial court granted the motion and dismissed Helen’s claims with prejudice solely on that basis. However, Helen was represented by counsel at the hearing. The family court judge did not specifically address the request for a continuance, but rather stated she had “heard enough” and granted the dismissal. The trial court failed to inquire as to the readiness of Helen’s attorney to proceed with the hearing despite her absence, i.e., the presentation of her case solely through her attorney and other evidence such as Tom’s testimony under cross examination, and also failed to consider other less severe alternatives, such as a contempt of court charge, or a dismissal without prejudice. Additionally, it appears from the record that no prior continuances had been requested by plaintiff, and we are mindful that a dismissal with prejudice may serve to only prejudice the children who may be entitled to arrears in support in this matter. Under these circumstances, we find that the dismissal of Helen’s claims, with prejudice, was an abuse of discretion. Based on this conclusion, we pretermit discussion of the remaining assignment of error.
CONCLUSION
For the reasons assigned herein, the judgment of the Nineteenth Judicial District Court granting the involuntary dismissal with prejudice in favor of Mr. Tom Michael Kelly is vacated, and the matter is remanded for further proceedings. All costs of this appeal are to be borne by defendant/appellee, Mr. Tom Michael Kelly-
JUDGMENT VACATED; REMANDED.

. The transcript of the March 17, 2011 hearing indicates that the December 3, 2011 trial date was continued due to an illness of the trial judge.

. The trial court seemed displeased that the medical documentation indicated that the alleged complications were "muscle spasms.”

. Helen’s attorney raises this assignment of error "out of an abundance of caution” and indicates that the judgment rendered on July 15, 2011 and signed on August 9, 2011 is the subject of a separate appeal. A review of the motion and order for appeal indicates that no language modifying Tom’s child support obligation is included in either the June 13, 2011 judgment dismissing Helen's claims or the August 9, 2011 judgment that denied the motion for new trial. This assignment of error, therefore, raises an issue that is not before us on appeal and will not be addressed herein.

.Comment (g) to article 1672 states: ”[t]he language in the indirect source of this article referring to the failure of the plaintiff to appear 'either in person or by attorney' has not been retained in this article, as it is unnecessary. Appearance by a party is always either personally or through his counsel of record.” While we recognize that the comment refer *182 ences LSA-C.C.P. art. 7, which was repealed by Acts 1997, No. 578, § 5, Sections 1 to 4 of Act 578 also amended LSA-C.C.P. arts. 6, 925, 1671, 2002, and 5091, as well as LSA-R.S. 13:1704, 34:807, and LSA-Ch.C. arts. 644, and 1024 all as regards personal jurisdiction. Notably, the above-cited case of Dickens, decided after the 1997 repeal of Article 7, continues to hold that a person appears "either in person or by an attorney,” citing now to the amended version of LSA-C.C.P. art. 6.