STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1458

STATE OF LOUISIANA

VERSUS

JOSHUA JAMAR COLEMAN

Judgment Rendered: **JUN 1 2 2020**

* * * * *

On Appeal from the
22nd Judicial District Court

Parish of St. Tammany, State of Louisiana
No. 612913
The Honorable Martin E. Coady, Judge Presiding

* * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for the State of Louisiana

Matthew B. Champagne
Covington, Louisiana

Attorney for Defendant/Appellant,
Joshua Jamar Coleman

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.

---

[1] The Honorable William J. Burris is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

The defendant, Joshua Jamar Coleman, was charged by bill of information with possession with intent to distribute 28 grams or more of cocaine (count 1) and illegal carrying of a weapon while possessing or distributing a controlled dangerous substance (count 2). *See* La. R.S. 40:967(A); La. R.S. 14:95(E). He initially pled not guilty. After the trial court denied his motion to suppress the evidence, the defendant withdrew his not guilty pleas and pled guilty as charged, reserving his right to appeal the denial of his motion to suppress pursuant to *State v. Crosby*, 338 So. 2d 584 (La. 1976). For each count, the trial court sentenced the defendant to five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, and ordered that the sentences run concurrently. The defendant now appeals, challenging the trial court's ruling on the motion to suppress. We affirm the convictions and sentences.

## FACTS

At the motion to suppress hearing, Louisiana State Police Trooper Raymond Martinez testified that on November 12, 2018, he was alerted about suspicious activity involving a gold Chevrolet Malibu making "a flip-trip," meaning it was traveling back and forth across the state in the same day. Trooper Martinez observed the Malibu following too closely behind another vehicle on I-12 in St. Tammany Parish, with its license plate partially covered by license plate trim. Based on the two traffic violations, Trooper Martinez effected a traffic stop.

Trooper Martinez had the defendant, who was the sole occupant of the Malibu, exit the vehicle. He advised the defendant of the traffic violations and asked for identification, which the defendant provided, and proof of automobile insurance, which the defendant did not have. Trooper Martinez ran the defendant's information through NCIC, which typically takes about ten minutes, and asked the defendant where he was going. The defendant's story that he traveled from Georgia and spent

2

several days in Houston conflicted with information the trooper received from a license plate reader, and the defendant appeared nervous, with a shaky voice and hands. Trooper Martinez suspected the defendant was involved in criminal activity and asked for consent to search the vehicle, which the defendant refused.

As Trooper Martinez was conducting the traffic stop and waiting for the NCIC information, backup and a St. Tammany Parish Sheriff's deputy with a canine unit arrived at the scene. According to the dashcam footage and bodycam footage, within twenty minutes of the initial stop, the canine officer walked the dog around the vehicle and the dog alerted. A subsequent search yielded approximately 1.8 pounds of cocaine, a firearm, and a mask inside a book bag in the vehicle's trunk.

## MOTION TO SUPPRESS

The defendant contends the trial court erred in denying the motion to suppress the evidence seized from the vehicle, arguing he was unconstitutionally detained beyond the time necessary to issue citations for the alleged traffic violations.

The Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. A defendant may move to suppress any evidence from use at trial on the basis that it was unconstitutionally obtained. La. Code Crim. Pro. art. 703(A). It is well-settled that a search and seizure conducted without a warrant issued on probable cause is *per se* unreasonable unless the State can affirmatively show that the warrantless search and seizure was justified by one of the narrowly drawn exceptions to the warrant requirement. *See* La. Code Crim. Pro. art. 703(D); *State v. Surtain,* 09-1835 (La. 3/16/10), 31 So. 3d 1037, 1043. A trial court's ruling on a motion to suppress the evidence is entitled to great weight because of the trial court's opportunity to observe the witnesses and weigh the credibility of their testimony. A reviewing court owes great deference to the trial court's findings of fact based on the testimony and credibility of witness, and may not overturn those findings unless

3

they are unsupported by the evidence. However, the trial court's legal findings are subject to *de novo* review. *State v. Thompson*, 11-0915 (La. 5/8/12), 93 So. 3d 553, 563.

Pursuant to the investigatory stop recognized by the United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), a police officer may briefly seize a person if the officer has an objectively reasonable suspicion, supported by specific and articulable facts, that the person is, or is about to be, engaged in criminal conduct or is wanted for past criminal acts. Louisiana Code of Criminal Procedure article 215.1(A) provides that an officer's reasonable suspicion of crime allows a limited investigation of a person. However, reasonable suspicion is insufficient to justify custodial interrogation, even though the interrogation is investigative. *Florida v. Royer*, 460 U.S. 491, 499, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983); *State v. Fisher*, 97-1133 (La. 9/9/98), 720 So. 2d 1179, 1183.

Generally, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. The standard is purely objective and does not take into account the subjective beliefs or expectations of the detaining officer. Although they may serve, and may often appear intended to serve, as the prelude to the investigation of more serious offenses, even relatively minor traffic violations provide an objective basis for lawfully detaining a vehicle and its occupants. *State v. Waters*, 00-0356 (La. 3/12/01), 780 So. 2d 1053, 1056 (*per curiam*).

Here, the defendant does not dispute the reasonableness of Trooper Martinez's decision to stop the vehicle. Rather, he argues the stop was unlawfully prolonged in violation of his constitutional rights. In support, the defendant cites *Rodriguez v. United States*, 575 U.S. 348, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015), which held

4

that the police may not extend an otherwise completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff.

Louisiana Code of Criminal Procedure article 215.1(D) pertinently provides that in conducting a traffic stop "an officer may not detain a motorist for a period of time longer than reasonably necessary to complete the investigation of the violation and issuance of a citation for the violation, absent reasonable suspicion of additional criminal activity." During the stop, the officer has the right to conduct a routine license and registration check and, while doing so, may engage in conversation with the driver and any passenger. *See State v. Lopez*, 00-0562 (La. 10/30/00), 772 So. 2d 90, 92-93 (*per curiam*); *State v. Barnes*, 12-0615, 2012WL5387692, *4 (La. App. 1 Cir. 11/2/12), *writ denied*, 13-0634 (La. 8/30/13), 120 So. 3d 264. If the officer develops reasonable suspicion of criminal activity, he may further detain the individual while he diligently pursues a means of investigation likely to quickly confirm or dispel the particular suspicion. *United States v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985). In determining whether the officer has a reasonable suspicion of some separate illegal activity that justifies further detention, the totality of the circumstances must be taken into account. *State v. Kalie*, 96-2650 (La. 9/19/97), 699 So. 2d 879, 881 (*per curiam*).

Although the defendant contends the traffic stop was unjustifiably prolonged to allow for the arrival of the K-9 unit, the record establishes the K-9 unit arrived less than twenty minutes after the defendant was stopped, and within seconds of Trooper Martinez receiving the NCIC report he requested. Prior to the K-9 unit's arrival, Trooper Martinez learned the defendant had no proof of insurance and observed the defendant's nervous behavior while giving what Trooper Martinez knew to be dishonest answers about his travel history. Trooper Martinez also testified that through the open driver's side door, he observed what appeared to be loose marijuana residue in the vehicle. Trooper Martinez's observations provided

5

reasonable suspicion to enlarge the scope of the investigation. The arrival of the K-9 unit less than twenty minutes after the stop afforded the opportunity to quickly confirm or dispel Trooper Martinez's suspicions while justifiably detaining the defendant. *Compare Lopez*, 772 So. 2d at 93. Furthermore, we do not find that the twenty-minute stop was unjustifiable as a reasonable investigatory stop.

The trial court did not err in denying the motion to suppress.

## SENTENCE

Pursuant to Louisiana Code of Criminal Procedure article 920, this court routinely conducts a review for errors discoverable by mere inspection of the pleadings and proceedings, without inspection of the evidence, including the imposition of an illegally lenient sentence. *E.g., State v. Hamilton*, 19-1206 (La. App. 1 Cir. 2/21/20), ___ So. 3d ___, ___ (2020WL860183, *5); *see also State v. Kelly*, 15-0484 (La. 6/29/16), 195 So. 3d 449, 457-58. The State suggests in its brief that the trial court imposed an illegally lenient sentence on count 2, because it failed to impose a mandatory fine.

Upon conviction for illegal carrying of a weapon while possessing or distributing a controlled dangerous substance, Louisiana Revised Statute 14:95(E) provides for imposition of a fine of *not more than* ten thousand dollars. Where a statute authorizes a fine of "not more than" a certain amount, a fine of $0, or its equivalent of no fine imposed, is necessarily contained within the meaning of "not more than." *See State v. Martinez*, 52,882 (La. App. 2 Cir. 8/14/19), 278 So. 3d 467, 472; *State v. Albercht*, 01-1664 (La. App. 4 Cir. 1/30/02), 809 So. 2d 472, 477; *State v. Francois*, 06-788 (La. App. 3 Cir. 12/13/06), 945 So. 2d 865, 870; *see also State v. Patin*, 19-157 (La. App. 5 Cir. 11/13/19), 285 So. 3d 48, 58-59 (recognizing that previous decisions of the circuit held that statutory language requiring a fine of "not more than" a specified amount requires a fine, but noting the matter is not free from doubt and, where the state failed to object at sentencing, no correction was

6

necessary). The state is incorrect in its argument that the failure to impose a fine on count 2 resulted in an illegally lenient sentence.

**CONVICTIONS AND SENTENCES AFFIRMED.**