| DEMECHIE PETERSON | * | NO. 2021-CA-0365 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| VICTOR C. ROCHON, USAA | * | |
| INSURANCE COMPANY, | | FOURTH CIRCUIT |
| DANIELLE LITTLE AND | * | |
| STATE FARM MUTUAL | | STATE OF LOUISIANA |
| INSURANCE COMPANY | * * * * * * * | |

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2018-05851-F, SECTION "B"
Honorable Marissa A. Hutabarat,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Dale N. Atkins)


Rudy Willie Gorrell, Jr.
1215 Prytania Street, Suite 223
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Michele Trowbridge Barreca
Matthew E. Simmons
PORTEOUS HAINKEL & JOHNSON, L.L.P.
704 Carondelet Street
New Orleans, LA 70130

Peter J. Wanek
Lindsay G. Faulkner
Michael L. Ballero
WANEK KIRSCH DAVIES
1340 Poydras Street, Suite 2000
New Orleans, LA 70112

      COUNSEL FOR DEFENDANTS/APPELLEES


           **JUDGMENT VACATED; REMANDED**

            **DECEMBER 1, 2021**

This is an appeal of a judgment of the First City Court of the City of New Orleans ("First City Court") dismissing plaintiff/appellant's claims based on his failure to appear in court on the day of trial. For the following reasons, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY

This suit arises from an accident, which occurred on April 22, 2018. The plaintiff, Demechie Peterson ("Plaintiff"), alleges he sustained injuries when the vehicle, which he was driving, was rear-ended by the vehicle operated by Danielle Little ("Little") after the Little vehicle had been rear-ended by the vehicle operated by Victoria Rochon[1] ("Rochon"). Plaintiff filed a personal injury suit in First City Court relative to the accident, naming as defendants: Little; State Farm Mutual Insurance Company ("State Farm"), as the liability insurer of Little; Rochon; and USAA Insurance Company, as the liability insurer of Rochon. State Farm and Little each filed an answer, and Garrison Property and Casualty Insurance Company ("Garrison") filed an answer as the liability insurer of Rochon.[2]

---

[1] We note that the caption of the Petition lists "Victor C. Rochon" as a defendant, while the text of the petition names "Victoria Rochon" as a defendant.
[2] The record does not reflect that service of the Petition was made on Rochon.

1

On August 30, 2019, Garrison moved to set the case for trial. The trial court set the case for trial on March 23, 2020. On February 28, 2020, Garrison filed a consent motion to continue trial and set a status conference for the purpose of selecting a new trial date. The trial court continued the March 23, 2020 trial date and set the matter for a status conference on May 6, 2020 in order for the parties to select a new trial date. The May 6, 2020 status conference did not go forward, as the court was closed due to the COVID-19 pandemic. On June 26, 2020, Garrison filed a motion to reset status conference, and by order issued on June 29, 2020, the trial court set a telephone status conference on July 28, 2020 for the purpose of selecting a trial date. At the conference conducted by telephone on July 28, 2020, trial was set for November 4, 2020.

Plaintiff failed to appear for trial on November 4, 2020. His attorney explained he was unable to attend trial because he was incarcerated. After a discussion was conducted in chambers regarding Plaintiff's absence, State Farm and Little moved for involuntary dismissal with prejudice under La. C.C.P. art. 1672 based on Plaintiff's failure to appear for trial.

In support of the motion for involuntary dismissal, State Farm and Little argued that Plaintiff's incarceration was discussed at the July 28, 2020 status conference when the November 4, 2020 trial date was selected and that the parties were aware that Plaintiff would likely remain incarcerated on the trial date. They explained that Plaintiff had pled guilty to "multiple felonies" in Jefferson Parish on March 5, 2020, resulting in a five year sentence without parole. State Farm and Little introduced as Exhibit "A" a certified copy of a minute entry from the 24th Judicial District Court for the Parish of Jefferson dated March 5, 2020, which reflected that Plaintiff pled guilty on that date to possession of a firearm by a

2

convicted felon and simple escape and was sentenced on the weapons count to five years without benefit of parole, probation, or suspension of sentence and on the simple escape count to two years, with the sentences to be served consecutively. Finally, State Farm and Little argued that Plaintiff's counsel failed to secure Plaintiff's appearance at trial by writ of habeas corpus ad testificandum and further failed to file a written motion to continue the trial, as required by the court rules of First City Court.[3] Garrison likewise moved for involuntary dismissal based on Plaintiff's failure to appear in court for trial.

Plaintiff's counsel responded that he could not prepare a writ of habeas corpus due to the power outage caused by Hurricane Zeta, which made landfall on the Louisiana coast on October 28, 2020, seven days prior to the trial date. He then orally moved for a continuance.

The trial court granted the motion for involuntary dismissal, dismissed Plaintiff's claims with prejudice, and assessed Plaintiff with costs and reasonable attorney's fees. State Farm and Little submitted a judgment with the amounts of costs and attorney's fees left blank, which the trial judge signed. The judge instructed defense counsel to submit a breakdown of the costs and fees incurred, and upon receipt of this information, the judge filled in the judgment with the amounts of costs and attorney's fees awarded.

Plaintiff filed a motion for new trial on December 15, 2020. The motion for new trial asserted that the trial court erred in granting the motion for involuntary dismissal. At the close of the hearing conducted on March 23, 2021, the trial court

---

[3] Rule 15 of the Rules of First City Court provides in pertinent part: "If counsel is unable, for any reason, to try the case on the day fixed, he SHALL notify opposing counsel AND file a written motion for continuance giving his reasons for being unable to try said case, and present it to the Judge for his signature." (Emphasis in original).

denied the motion for new trial. Plaintiff now appeals the judgments dismissing his claims and denying his motion for new trial.

## ASSIGNMENTS OF ERROR

Plaintiff asserts that the trial court erred by (1) granting defendants' motion for involuntary dismissal, (2) awarding defendants attorney's fees without conducting a traversal hearing, and (3) denying Plaintiff's motion for new trial to set aside the involuntary dismissal.

## STANDARD OF REVIIEW

A decision to grant an involuntary dismissal is subject to the manifest error and abuse of discretion standard of review. *Brooks v. Tradesmen Int'l, Inc.*, 03-1871, p. 3 (La. App. 4 Cir. 9/1/04), 883 So.2d 444, 446.

## DISCUSSION

Louisiana Code of Civil Procedure article 1672(A)(1) provides that "[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial." When a plaintiff does fail to appear for trial, the court must determine whether the dismissal is to be with or without prejudice. La. C.C.P. art. 1672(A)(1); *England v. Baird*, 99-2093, p. 4 (La. App. 1 Cir. 11/3/00), 772 So.2d 905, 907. However, a dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. *England*, 99-2093, p. 5, 72 So.2d at 908. An important consideration before dismissal of a claim is "whether the misconduct was by the attorney or the client, or both." *Zavala v. St. Joe Brick Works, Inc.*, 04-0065, p. 3 (La. App. 1 Cir. 12/17/04), 897 So.2d 703, 705 (quoting *Benware v. Means*, 99-1410, p. 9 (La. 1/19/00), 752 So.2d 841, 847). If the record does not contain evidence of a plaintiff's act of "willfulness, bad faith, or fault," a

single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. *Zavala,* 04-0065, pp. 3-4, 897 So.2d at 705 (quoting *In re Med. Review Panel,* 99-2088, p. 8 (La. App. 1 Cir. 12/22/00), 775 So.2d 1214, 1218).

Moreover, the jurisprudence holds that a party represented by counsel at a proceeding before the court is not considered absent. *See* La. C.C.P. art. 1672, comment (g); *Spencer v. Children's Hosp.*, 432 So.2d 823, 824 (La. 1983); *Dickens v. Commercial Union Ins. Co.,* 99-0698, p. 3 (La. App. 1 Cir. 6/23/00), 762 So.2d 1193, 1196; *Kelly v. Kelly,* 11-1932, p. 4 (La. App. 1 Cir. 6/13/12), 94 So.3d 179, 181. "The presence of the plaintiff in court is not essential in all cases." *Kelly,* 11-1932, p. 4, 94 So.3d at 182 (citing *Spencer*, 432 So.2d at 824). Implicit in the requirement stated in La. C.C.P. art. 1672, that plaintiff appear for trial, is that plaintiff be prepared and able to proceed with his case. *Boyd v. Doe*, unpub., 14-1748, p. 11 (La. App. 1 Cir. 9/18/15), 2015 WL 5514973, *6. Thus, the mere appearance of plaintiff's counsel without witnesses and obviously unable to proceed in the event of denial of a request for continuance does not preclude dismissal of the action. *U.S. Mach. & Equip. Co. v. Kerschner Air Conditioning & Heating Co.*, 342 So.2d 1278, 1281 (La. App. 4th Cir. 1977); *Hebert v. C.F. Bean Corp.*, 00-1029, p. 4 (La. App. 4 Cir. 4/25/01), 785 So.2d 1029, 1031; *Brower v. Quick Serv. Body Shop*, 377 So.2d 878, 879 (La. App. 4th Cir. 1979).

From our review of the record herein, we find that dismissal of Plaintiff's action does not appear warranted. Plaintiff was not absent, since his appearance was made through his counsel. Moreover, the trial court failed to inquire as to Plaintiff's counsel's readiness to proceed with the trial despite Plaintiff's absence. We note that the record indicates that both defendant drivers, Little and Rochon,

5

were present in court on the day of trial. The trial court also failed to consider other less severe alternatives, such as a contempt of court charge, or a dismissal without prejudice. Importantly, there is no evidence to support a finding that Plaintiff's failure to appear at trial was an act of "willfulness, bad faith, or fault" sufficient to justify a dismissal of his action with prejudice. Additionally, it appears from the record that no prior continuances had been requested by Plaintiff. Under these circumstances, we find that the dismissal of Plaintiff's claims, with prejudice, was an abuse of discretion. Based on this conclusion, we pretermit discussion of the remaining assignments of error.

## CONCLUSION

For the reasons assigned herein, the judgment of First City Court granting the involuntary dismissal of Plaintiff's claims with prejudice is vacated, and the matter is remanded for further proceedings.

**JUDGMENT VACATED; REMANDED**