622 So.2d 1376 (1993)
Eves Thibodeaux MOODY
v.
Lamon L. MOODY, Jr.
Lamon L. MOODY, Jr.
v.
Eves Thibodeaux MOODY.
Nos. 92 CA 1888, 92 CA 1889.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
*1377 Melanie Kleinpeter, Baton Rouge, for plaintiff-appellee Eves Thibodeaux Moody.
Paul M. Hebert, Jr., Baton Rouge, for defendant-appellant Lamon L. Moody, Jr.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Lamon L. Moody, Jr., defendant, appeals a judgment finding him in contempt of court and further ordering him to vacate the community home on or before April 18, 1992, and pay the sum of $1,000.00 as attorney's fees. Eves Thibodeaux Moody answers the appeal requesting damages and attorney's fees for frivolous appeal.
Lamon L. Moody, Jr. and Eves Thibodeaux Moody were married on September 22, 1954. The parties physically separated in July of 1986, and were legally separated on September 30, 1987, based upon the fault of Mr. Moody.[1] On November 30, 1988, Mrs. Moody filed for partition of community property. After a four-day trial, a judgment of partition was signed on July 2, 1991.[2] In the meanwhile, Mr. Moody filed a petition for divorce and a rule to reduce and suspend alimony on February 8, 1991.[3] Mrs. Moody filed an answer and reconventional demand requesting permanent alimony on June 14, 1991. On November 20, 1991, the trial court granted a judgment of divorce based upon the lapse of time; the court severed the alimony claim and further ruled that Mr. Moody should continue paying alimony pendente lite until such *1378 time as a hearing could be held on the merits of permanent alimony.[4]
In preparation for the hearing on permanent alimony, Mrs. Moody filed a request for production of documents on December 10, 1991, requesting copies of all income tax returns, both federal and state, including but not limited to 1989, 1990, and 1991. On December 20, 1991, Mr. Moody requested and obtained from his accountant, Mr. John Butler, all the documentation on his personal income taxes, which he thereafter destroyed.[5] On February 19, 1992, Mrs. Moody filed a motion to compel the production of documents. A hearing was held on the motion on February 24, wherein the court ordered Mr. Moody to produce his federal income tax returns by March 4, 1992. On March 6, 1992, Mrs. Moody filed a rule for contempt of the February 24th order, a motion to reassign occupancy, and a motion for attorney's fees. After hearings on March 17, and April 1, 1992, the court issued a judgment which provided in pertinent as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the use and occupancy of the family home is granted to Eves Thibodeaux Moody and that Lamon L. Moody, Jr. is ordered to vacate the family home on or before April 18, 1992.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lamon L. Moody, Jr. be found in contempt of court and sentenced to thirty (30) days. Said sentence is suspended and conditioned upon Lamon L. Moody, Jr. obeying the orders of this Court in the future.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lamon L. Moody, Jr. pay the sum of One Thousand and No/100 ($1000.00) Dollars as attorneys' fees and to pay all court costs in connection with the Rule for Contempt of Court, Motion to Compel and Motion to Reassign Occupancy Order.
Mr. Moody assigns the following errors:
(1) The trial court erred as a matter of law in ruling on the issue of use and occupancy of the family home subsequent to a divorce of the parties and subsequent to the rendition of a partition judgment in the 19th Judicial District Court which judgment is currently being appealed suspensively.
(2) The trial court erred as a matter of fact and law in requiring Lamon to vacate the family home without providing for any reduction in the alimony pendente lite which was being paid by Lamon to Eves.
(3) The trial court erred in finding Lamon in contempt for actions which were not alleged to be contemptuous and for which no evidence was offered at trial.
(4) The trial court erred in finding Lamon in contempt of court prior to the running of appeal delays for him to appeal the order for which he was allegedly held in contempt.
(5) The trial court erred in conditioning the suspension of sentence on Lamon obeying future orders of the court.
(6) The trial court erred in awarding attorney's fees with no evidence to substantiate the amount of the award.

ASSIGNMENT OF ERRORS NO. 1 & 2
Mr. Moody argues that the trial court did not have jurisdiction or authority under LSA-C.C. art. 105 or LSA-R.S. 9:374 to grant Mrs. Moody the use and occupancy of the family home because the parties were divorced at the time of the hearing and a judgment of partition was being appealed suspensively. Mr. Moody further argues that the court erred in failing to reduce Mrs. Moody's alimony pendente lite *1379 when it awarded her the use and occupancy of the family home.
LSA-C.C. art. 105 provides that "[i]n a proceeding for divorce or thereafter, either spouse may request a determination of ... use and occupancy of the family home...."
LSA-R.S. 9:374 provides in pertinent part:
B. When the family residence is community property, after the filing of a petition for divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and use of community movables or immovables in awarding alimony or child support.
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.... (Emphasis supplied.)
We believe that the provisions of LSA-C.C. art. 105 and LSA-R.S. 9:374 clearly allow a court to award the use and occupancy of a family home pending the finality of the partition proceeding, notwithstanding the fact that the divorce is final. We do not find that the court erred in failing to reduce Mrs. Moody's award of alimony pendente lite when it granted her use and occupancy of the family home.
LSA-R.S. 9:374 states that "[t]he court shall consider the granting of the occupancy of the family home and use of community movables or immovables in awarding alimony or child support." (Emphasis supplied.) In the present case the issue of alimony was not before the court. Under these circumstances we do not believe the court erred in failing to change the previous award of alimony.

ASSIGNMENTS OF ERROR NO. 3, 4 & 5
These assignments deal with the trial court's ruling finding Mr. Moody in contempt of court for failing to follow the court order of February 24, 1992, ordering Mr. Moody to produce his federal income tax returns.
Initially we will address Mr. Moody's contention that the trial court erred in finding him in contempt of court prior to the running of appeal delays for him to appeal the order for which he was allegedly held in contempt.
The jurisprudence is clear that a judgment from an order compelling discovery is an interlocutory judgment which is non-appealable, absent a showing that irreparable injury will occur. Winslow v. Goodyear Tire & Rubber Co., 359 So.2d 699 (La.App. 1st Cir.1978); Krueger v. Chehadeh, 563 So.2d 1358 (La.App. 4th Cir.1990). Mr. Moody has alleged no facts in support of a finding of irreparable injury in this matter. Accordingly, the trial court was not required to wait until appeal delays had run on the court order to compel discovery before ruling on the contempt issue.
Mr. Moody also contends that the record does not support the trial court's ruling that found him in contempt of its previous order.
LSA-C.C.P. art. 224 provides in pertinent part:
Any of the following acts constitutes a constructive contempt of court:
. . . . .

*1380 (2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
. . . . .
(4) Deceit or abuse of the process or procedure of the court by a party to an action or proceeding or by his attorney;
. . . . .
(10) Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.
"Wilful disobedience" is defined as "an act or failure to act that is done intentionally, knowingly and purposely, without justifiable excuse." Riley v. Pennix, 442 So.2d 563, 565 (La.App. 1st Cir.1983) quoting Nelson v. Nelson, 421 So.2d 366, 368 (La.App. 1st Cir.1982).
The record of the contempt hearing reveals that Mr. Moody received a request for production of documents from Mrs. Moody on December 10, 1991. On December 20, 1992, Mr. Moody obtained copies of all his income tax returns from his accountant and subsequently destroyed them. Pursuant to a motion to compel, Mr. Moody was ordered by the court on February 24, 1992, to produce his federal income tax returns by March 4, 1992. Mr. Moody did not inform the court at the hearing on the motion to compel that the federal income tax forms had been destroyed, nor did he at any time prior to March 4, 1992, request an extension of time in order to request copies of the returns from the Internal Revenue Service. On March 6, 1992, Mrs. Moody filed a rule for contempt which was heard on March 17, 1992. The hearing was held over until April 1, 1992, in order to receive the testimony of Mr. Butler, Mr. Moody's accountant. At the March 17th hearing, Mr. Moody testified that he did not contact his accountant after the order to produce the documents; instead, he attempted to request the necessary forms from the IRS himself and was told that it would take an additional six weeks once they received his request. At the April 1st hearing, Mr. Butler testified that he keeps IRS request forms in his office and that Mr. Moody did not request a form from him until sometime after the March 17th hearing. The form was mailed on March 19, 1992.
Although it may not have been possible to obtain copies of the IRS documents prior to the March 4th deadline, Mr. Moody should have made some type of showing that he had at least made an official request for the returns. Instead, he waited until after the March 17th hearing to obtain the request form from his accountant. We believe the record evidences a reasonable and justifiable basis for the trial court's ruling that Mr. Moody's actions as set forth above were wilful and clearly intended to undermine the judicial process. Accordingly, we find no error in the trial court's ruling.

ASSIGNMENT OF ERROR NO. 6
Mr. Moody contends that the trial court erred in awarding attorney's fees with no evidence to substantiate the amount of the award.
Louisiana civil discovery rules authorize a party to serve written requests for the production of documents. When a party served with such a request fails to respond, the court may, on motion, make such orders in regard to the failure as are just, including an order that the designated facts be taken as established, an order that the disobedient party be refused the right to support or oppose designated claims or defenses, an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment of default against the disobedient party, or an order assessing costs and attorneys fees caused by the failure against the disobedient party and his attorney or both. LSA-C.C.P art. 1471, 1473. Allen v. Smith, 390 So.2d 1300 (La.1980).
The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and his *1381 choice of sanctions will not be reversed absent an abuse of discretion. Magri v. Westinghouse Elec., Inc., 590 So.2d 830 (La.App. 4th Cir.1991). Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734 (La.App. 1st Cir.1986). When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. Allen, supra at 1302; Magri, supra at 831.
In the instant case, Mr. Moody's failure to comply with discovery orders required the filing of a motion to compel and ultimately required two days of hearings. We do not find the award of $1,000.00 in attorney's fees to be an abuse of discretion in these circumstances. We further award Mrs. Moody an additional $1,000.00 in attorney's fees for this appeal. See Allen v. Smith, supra at 1302 and Robinson v. Miller, 423 So.2d 45, 49 (La.App. 1st Cir. 1982).

FRIVOLOUS APPEAL
In answer to Mr. Moody's appeal, Mrs. Moody seeks damages and attorney's fees for frivolous appeal pursuant to LSA-C.C.P. art. 2164.[6]
The statute authorizing damages for frivolous appeals is penal in nature and must be strictly construed. Since appeals are favored, such penalties should not be granted unless they are clearly due; e.g.: when there are no serious legal questions, when it is manifest that the appeal is taken solely for the purpose of delay, when it is evident that appellant's counsel is not serious in advocating the view of law which he presents. LSA-C.C.P. art. 2164; Salmon v. Hodges, 398 So.2d 548, 549 (La.App. 1st Cir.1979). In this case there is no indication that defendant's devolutive appeal was taken solely for the purpose of delay. We also believe from the oral arguments and briefs presented to the court that Mr. Moody's counsel was serious in the position he advocates. Accordingly, damages for a frivolous appeal are not appropriate in this case.
For the reasons assigned, the judgment of the trial court is affirmed and Mrs. Moody is awarded an additional $1,000.00 in attorney's fees, with interest to run from date of this judgment.[7] All costs of this appeal are to be paid by Mr. Moody.
AFFIRMED.
NOTES
[1] The judgment of separation was affirmed by this court on appeal.
[2] The judgment of partition was suspensively appealed by Mr. Moody and is also decided this day in CA-93 1491.
[3] The petition for divorce was filed in a new proceeding and was ultimately consolidated with the original proceeding.
[4] Mr. Moody sought supervisory writs on the trial court's ruling continuing the award of alimony pendente lite after a final divorce was granted. We granted writs and reversed the trial court's ruling continuing alimony pendente lite. Moody v. Moody, 618 So.2d 1005 (La.App. 1st Cir.1993).
[5] Prior to relinquishing the information, Mr. Butler asked Mr. Moody to put his request in writing and to sign it.
[6] Mr. Moody thereafter filed a motion to strike portions of Mrs. Moody's answer of the appeal contending that there are no factual allegations with regard to why the appeal is allegedly frivolous and therefore the allegations are without good cause and should be stricken and not considered by this court. Because of our disposition of the request for damages, we pretermit a response to the motion to strike.
[7] Roland v. Roland, 519 So.2d 1177, 1180 (La. App. 1st Cir.1988).