843 So.2d 1141 (2003)
James LIRETTE
v.
BABIN FARM, INC.[1]
No. 2002 CA 1402.
Court of Appeal of Louisiana, First Circuit.
April 2, 2003.
*1142 Frank E. Brown, III, Baton Rouge, Appellee Babin Farms, Inc. and LWCC.
Nancy S. Silbert, New Orleans, Counsel for Appellant James Lirette.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Claimant appeals a judgment of the Office of Workers' Compensation (OWC) dismissing his suit with prejudice. That judgment was rendered as a result of claimant's failure to attend two scheduled depositions.

FACTS AND PROCEDURAL HISTORY
Claimant, James Lirette, filed a disputed claim for workers' compensation on June 27, 2001, against defendant, Babin Farms, Inc. The parties agreed to take the deposition of claimant on October 30, 2001, but claimant was unable to attend that deposition. Accordingly, the pre-trial conference and claimant's deposition had to be rescheduled. Defendant subsequently scheduled to take claimant's deposition on January 11, 2002, but he again failed to appear at his deposition. Defendant subsequently filed a motion to dismiss claimant's suit. A hearing was held on the matter, and the OWC judge rendered judgment on February 28, 2001, dismissing claimant's suit with prejudice. Claimant filed this devolutive appeal.[2]

MOTION TO DISMISS
Claimant asserts that the OWC judge erred in granting defendant's Motion to Dismiss "in that dismissal is an extreme sanction and in this case, does not serve the ends of justice." Pursuant to La.Code Civ. P. arts. 1473[3] and 1471(3)[4], *1143 when a party fails to appear at his properly noticed deposition the court may, among other things, order the dismissal of the action. Allen v. Smith, 390 So.2d 1300, 1301 (La.1980); Tabor v. McDermott, Inc., 521 So.2d 625, 626 (La.App. 1st Cir. 1988); see Moody v. Moody, 622 So.2d 1376, 1380 (La.App. 1st Cir.), writs denied, 629 So.2d 1168 (La.1993). The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling will not be reversed absent an abuse of discretion. Moody, 622 So.2d at 1381. However, dismissal is a draconian penalty that should be applied only in extreme circumstances. Horton v. McCary, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203. A sanction of dismissal involves property rights and, therefore, should be reserved for the most culpable conduct. Horton, 93-2315 at p. 10, 635 So.2d at 203. Dismissal is generally reserved for those cases in which the client, as well as the attorney, is at fault. Horton, 93-2315 at p. 11, 635 So.2d at 203. In addition, the record must contain sufficient evidence of plaintiff's willful disobedience, bad faith, or fault, in order to justify dismissal. Horton, 93-2315 at p. 11, 635 So.2d at 203; In re Medical Review Panel, 99-2088, p. 8 (La.App. 1st Cir.12/22/00), 775 So.2d 1214, 1218.
The record shows that claimant's attorney did not initially provide a reason for claimant's absence at his first scheduled deposition, although at the hearing on the motion to dismiss, she alleged that claimant's absence was due to problems with transportation. Also, the record shows that claimant's attorney did not send him a letter informing him about the second scheduled deposition until January 7, 2002. That deposition was scheduled for January 11, 2002. In addition, the letter was sent to a post office box and not claimant's residence. At that time claimant also did not have a telephone. At the hearing on the motion to dismiss, claimant's attorney stated that claimant did not receive the letter she sent him until the day after the deposition.
The record does not contain sufficient evidence of claimant's willful disobedience, bad faith, or fault, in order to justify the ultimate penalty of dismissal. In addition, the record indicates that claimant's counsel may have contributed to his failure to appear at the January 11, 2002 deposition.

DECREE
Accordingly, the judgment of the Office of Workers' Compensation judge dismissing claimant's suit with prejudice is reversed. This case is remanded to the Office of Workers' Compensation for further proceedings consistent herewith. All cost to this appeal are assessed to Babin Farms, Inc.
REVERSED AND REMANDED
FITZSIMMONS, J., dissents in part and assigns reasons.
FITZSIMMONS, J., dissenting, in part, with reasons.
I respectfully dissent, in part. I agree that the defendant failed to show that plaintiff willfully disobeyed, acted in bad faith, or was at fault without reason. However, I do not agree with the majority's failure to reimburse defendant for its reasonable expenses incurred as a result of the missed depositions. I would remand *1144 for a hearing to determine the amount of those expenses.
NOTES
[1] We note that throughout the record the defendant, Babin Farm, Inc., is referred to interchangeably as "Babin Farm" and "Babin Farms." For the purposes of this opinion, we will refer to the defendant as Babin Farms.
[2] Claimant asserts as an assignment of error that the "Administrative Law Judge erred in granting Defendant's Motion to Strike under La. C.C.P. art. 964." However, that ruling was contained in a judgment rendered on April 16, 2002. Claimant appealed the judgment of February 28, 2002. Therefore, we do not consider that assignment of error.
[3] Louisiana Code of Civil Procedure Article 1473 states, in pertinent part:

If a party ... fails to appear before the officer who is to take his deposition, after being served with a proper notice ... [a] court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Paragraphs (1), (2), and (3) of Article 1471.....
[4] Louisiana Code of Civil Procedure Article 1471 states, in pertinent part:

If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * *
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
* * *