LORIN. SCHMOLKE
v.
ROBERT H. SCHMOLKE
No. 2008 CA 0094.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
MARK D. PLAISANCE BAKER, LOUISIANA, Attorney for Plaintiff/Appellant LORI SCHMOLKE.
STEVEN P. LEMOINE, KAREN DOWNS BATON ROUGE, LOUISIANA, Attorney for Defendant/Appellee ROBERT SCHMOLKE.
Before: GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
This issue raised by this appeal is whether the trial court abused its discretion in imposing the sanction of dismissal of plaintiff s petition when plaintiff failed to appear for a deposition. After a thorough review of the record, we find no abuse of discretion by the trial court.
Lori N. Schmolke filed a petition for divorce, which included a request for permanent spousal support, on January 11, 2006. She re-urged the claim in a motion filed on February 14, 2007 that sought extended interim spousal support and a trial on her claim for permanent spousal support and permanent child support. On February 14, 2007, counsel for Ms. Schmolke forwarded a letter to counsel for Mr. Schmolke confirming that Ms. Schmolke was agreeable to setting her deposition on Friday, March 16, 2007. A deposition subpoena was issued to her and served upon her counsel of record.
On March 15, 2007, the day before the scheduled deposition, Ms. Schmolke's counsel informed Mr. Schmolke's counsel that Ms. Schmolke would not appear for the deposition. Thereafter, Mr. Schmolke filed a motion to dismiss Ms. Schmolke's claim for permanent spousal support because she had failed to attend the deposition. He urged that the deposition was being taken to discover facts surrounding her claim for spousal support, and argued that because she had failed to appear, the proper sanction was to dismiss her claim for permanent spousal support.
After the hearing on the motion to dismiss, the trial court granted the motion to dismiss, stating:
All right, the court takes cognizance of the fact that there has been a history in this case of Ms. Schmolke failing to follow the court's orders. As a result of the motion to dismiss, and her failure to appear by subpoena to a deposition; not the first time, in accordance with 1473 of the Code of Civil Procedure, the court dismisses her action for permanent spousal support. The court will defer and pretermit the issue of attorney's fees and costs in this matter.
Ms. Schmolke appealed the judgment dismissing her action for spousal support. She argues on appeal that dismissal of a claim for failure to appear at a deposition is proper only when the court orders the party to appear and the party willfully disobeys that order. She argues that she was never ordered by the court to appear at the deposition, nor was she informed that her failure to appear would result in the dismissal of her petition for permanent spousal support, thus the trial court abused its discretion by dismissing her claim.
Louisiana Code of Civil Procedure article 1471 provides:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added.)
The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling will not be reversed absent an abuse of discretion. Lirette v. Babin Farm, Inc., 02-1402, p. 3 (La. App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143. Each case must be decided upon its own facts and circumstances. Benware v. Means, 99-1410, p. 9 (La. 1/19/00), 752 So.2d 841, 847. When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified. Allen v. Smith, 390 So.2d 1300, 1302 (La. 1980).
Dismissal is a draconian penalty that should only be applied in extreme circumstances. Horton v. McCary, 93-2315 (La. 4/11/94), 635 So.2d 199, 203. In Horton, the Louisiana Supreme Court adopted from the federal courts a four-part test to consider before utilizing a dismissal as a sanction. The criteria are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault. The record must support a finding that the failure was due to willfulness, bad faith, or fault. Horton, 635 So.2d at 203.
We address the four criteria in turn.
(1) Whether the violation was willful or resulted from inability to comply. Ms. Schmolke agreed to the deposition date, which was confirmed by letter. A deposition subpoena was issued and served upon Ms. Schmolke through her counsel. Thereafter, the day before the scheduled deposition, Ms. Schmolke's attorney informed Mr. Schmolke's attorney that she would not appear. Ms. Schmolke contended that her failure to appear was justified, claiming that she had to take her mother to chemotherapy that day. However, if this were the case, Ms. Schmolke should not have agreed to that date, or should have asked that the deposition be scheduled for a different date. We find that her failure to appear was willful.
(2) Whether a less drastic sanction would be effective. The trial court stated in its ruling that this was not the first time that Ms. Schmolke had failed to follow court orders, and further, her attorney conceded at the hearing that Ms. Schmolke had failed to abide by a court-ordered subpoena for the deposition. Thus, we find that a less drastic sanction would not have been effective.
(3) Whether the violations prejudiced the opposing party's trial preparation. Ms. Schmolke is making a claim for permanent spousal support, which means she bears the burden of proving that she was free from fault in causing the break-up of the marriage. Mr. Schmolke asserts that Ms. Schmolke was not free from fault because she engaged in an adulterous affair prior to filing for divorce. Her deposition was necessary for Mr. Schmolke to cross-examine her on the fault issue. Thus, this third factor is met.
(4) Whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Ms. Schmolke agreed to the deposition date, which was confirmed in writing by her attorney and then she refused to appear one day prior to the agreed-upon date. Ms. Schmolke clearly participated in the violation of the court order.
Thus, we find that all four of the Horton factors are met and we find that the trial court did not abuse its discretion in dismissing Ms. Schmolke's petition. We affirm the trial court judgment. Ms. Schmolke is cast with costs.
AFFIRMED.