MICHAEL JOHNSON & LINDSEY STRECKER,
v.
KEVIN D. GONZALES, KOLBY GONZALES & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2008 CA 1831.
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
JUAN C. LABADIE, Counsel for Plaintiffs/Appellants Michael Johnson & Lindsey Strecker.
MICHAEL P. COLVIN, J. ALEXIS MYSHRALL, Counsel for Defendants/Appellees, Kevin D. Gonzales, Kolby Gonzales & State Farm Mutual Automobile Insurance Company.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
HUGHES, J.
This is an appeal of a judgment dismissing plaintiffs' suit, with prejudice, due to their attorney's failure to meet scheduled deadlines. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings. Additionally, we deny the motion to supplement the record filed by appellants.[1]

FACTS
On April 12, 2006 attorney Juan C. Labadie filed a petition for damages on behalf of plaintiffs/appellants, Michael Johnson and Lindsey Strecker, for damages that they allegedly sustained in an automobile accident. Thereafter, a document (the Scheduling Order) was signed by all counsel, including Juan Labadie, evidencing their agreement to abide by the following deadlines:

 1. Complete Discovery: October 15, 2007
 2. File Pleadings: October 31, 2007
 3. Exchange Pre-trial inserts: November 15, 2007
 4. File Pre-trial Order: November 30, 2007

The Scheduling Order also set a pre-trial conference on December 12, 2007 at 9:15 a.m., and was accepted and signed by the trial court on September 10, 2007.
There is no indication in the record as to why Mr. Labadie did not attend the pre-trial conference nor did he offer an explanation at oral argument. Nevertheless, he was not there and the trial court, in his absence, set the matter for a two-day jury trial to begin on Monday, May 8, 2008.
On February 27, 2008 a "Motion to Dismiss for Failure to Comply with the Scheduling Order" was filed by appellees and set for contradictory hearing on April 28, 2008. The motion alleged that not only had Mr. Labadie failed to appear at the pre-trial conference, but that he had failed to submit pre-trial inserts or file a pre-trial order and that appellees were therefore unable to properly prepare for the approaching trial. Although Mr. Labadie contends in brief that he began attempting to contact appellees' counsel immediately after receiving notice of the hearing date, this claim is denied by appellees.[2] Nearly two months later, on the evening of April 25, 2008 (the Friday before the Monday hearing), Mr. Labadie faxed a motion to continue the April 28, 2008 hearing to the offices of Judge Morvant and appellees' counsel. Although not found in the record, it is undisputed that a response opposition to the motion was immediately faxed by the appellees to Mr. Labadie. But even faced with the knowledge that his continuance faced strong opposition, Mr. Labadie neither appeared at the hearing, nor filed an opposition to the motion to dismiss.[3] In his absence, the court rendered judgment against the plaintiffs and in favor of the defendants, denying the motion for continuance,[4] and granting the motion to dismiss all claims with prejudice.[5]
Thereafter, a motion for new trial was filed by plaintiffs and denied by the trial court for "oral reasons assigned 4/28/08." Plaintiffs now appeal the May 20, 2008 judgment as well as the denial of the new trial, alleging legal error in the trial court's rulings.[6]

DISCUSSION
The central issue in this appeal is whether the trial court abused its discretion in dismissing the plaintiffs' case due to their attorney's failure to abide by the court-approved Scheduling Order.
The trial court has much discretion in imposing sanctions for a parties' failure to comply with discovery orders and its ruling will not be reversed absent an abuse of that discretion. Lirette v. Babin Farm, Inc., XXXX-XXXX (La. App. 1 Cir. 4/2/03), 843 So.2d 1141, Moody v. Moody, 622 So.2d 1376, 1381 (La. App. 1 Cir.). writs denied, 629 So.2d 1168 (La.1993). However, our jurisprudence has clearly followed the established principle that dismissal is a "draconian" penalty that should be applied only in extreme circumstances. Horton v. McCary, 93-2315 (La. 4/11/94), 635 So.2d 199, 203. Specifically, we have held that in order to justify a dismissal of a plaintiffs suit, there must exist sufficient evidence in the record to establish that the plaintiff himself (and not only his attorney) acted with willful disobedience, bad faith, or fault. In re Medical Review Panel, 99-2088 (La. App. 1 Cir. 12/22/00), 775 So.2d 1214, 1218, Hutchinson v. Westport Insurance Corporation, XXXX-XXXX (La. 11/8/04), 886 So.2d 438, Lirette, 843 So.2d at 1142.
In this case, the plaintiffs' attorney admittedly failed to provide pretrial inserts, file the pre-trial order, attend the pre-trial conference, and oppose (or even attend the hearing of) the motion to dismiss. While we agree that this behavior was inexcusable, unprofessional, and sanctionable, the record contains no evidence to establish that the offenses were in any way attributable to the plaintiffs, Mr. Labadie's clients. In fact, Mr. Labadie urges in brief that "whatever neglect may have occurred in this matter is the fault of undersigned counsel and not of his clients." (Emphasis added.) The record contains nothing to indicate otherwise. As such, the trial court abused its discretion when it granted appellees' request for a complete dismissal of the plaintiffs' case.
Considering the clarity of the jurisprudence on this specific issue and the complete lack of even an allegation of bad faith on the part of the plaintiffs, appellees should not have sought a dismissal of this case, as such a harsh remedy was clearly not warranted under these facts. Horton v. McCary, 93-2315 (La. 4/11/94), 635 So.2d 199, 203, Zavala v. St. Joe BrickWorks, Inc., XXXX-XXXX (La. App. 1 Cir. 12/17/04), 897 So.2d 703, 704-705, Lirette v. Babin Farm, Inc., XXXX-XXXX (La. App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143, In re Medical Review Panel, 99-2088 (La. App. 1 Cir. 12/22/00), 775 So.2d 1214, 1218. We also note the long history of litigation of this exact issue. Allen v. Smith, 390 So.2d 1300, 1301-1302 (La. 1980), Robinson v. Miller, 423 So.2d 45, 48-49 (La. App. 1 Cir. 1982). We will therefore assess costs one-half to counsel for plaintiffs, and one-half to appellees. See Zavala v. St. Joe Brick Works, Inc., XXXX-XXXX (La. App. 1 Cir. 12/17/04), 897 So.2d 703, 705. We reverse the May 20, 2008 judgment ordering dismissal of the case and remand the matter for a hearing to determine what sanctions would be appropriate in this case.
REVERSED AND REMANDED; MOTION TO SUPPLEMENT DENIED.
NOTES
[1] On October 6, 2008, appellants filed a motion to supplement the appellate record with minute entries of the 24th Judicial District Court (presumably to prove counsel's conflict) and a copy of appellees' opposition to the motion to continue.
[2] Mr. Labadie makes the argument that he was unable to contact opposing counsel because the lawyer he was corresponding with was no longer employed by the firm. He alleges that his calls, letters, and/or messages were therefore not delivered since they were addressed to the original opposing counsel.
[3] Although Mr. Labadie alleges that he fax-filed the motion for continuance with the clerk's office, the record reflects that the motion was not filed until April 29, 2008 (the day after the hearing was held.)
[4] Although the motion to continue had seemingly not yet been filed, the trial court acknowledged that it had received a faxed copy of the motion the Friday before. The faxed motion was therefore considered as having been filed. No objection was made by either party.
[5] The judgment was rendered in open court on April 28, 2008. The written judgment, however, was not signed until May 20, 2008.
[6] For clarification purposes, we note that although the court's rulings on the motion to continue and the motion to dismiss were rendered in open court on the same day, April 28, 2008, the rulings as to the motions were reduced to two separate judgments, dated May 21, 2008 and May 20, 2008, respectively. Only the May 20, 2008 judgment dismissing the suit and the subsequent denial of the new trial are appealed.