STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0562

IN THE MATTER OF THE SUCCESSION OF
YVONNE EDNA MORRIS

*Judgment Rendered:* **JUN 1 7 2020**

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. P102353

The Honorable Todd Hernandez, Judge Presiding

* * * * * * * *

Lon E. Roberson
Derek E. Elsey
Baton Rouge, Louisiana

Counsel for Appellant
Heather M. Morris

Andrew B. Ezell
Andrew K. Nicolas
Baton Rouge, Louisiana

Counsel for Appellee
Sandra Dykes Watkins

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

_Chutz, J Dissents and Assigns Reasons_

**THERIOT, J.**

In this succession proceeding, the decedent's adult granddaughter appeals a judgment dismissing her forced heirship claims with prejudice as a sanction for her failure to comply with a discovery order. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Yvonne Edna Morris died on December 21, 2016. On December 29, 2016, Morris's granddaughter, Heather M. Morris ("Heather") filed a Petition for Possession. Heather alleged that Morris had died testate,[1] but that all legatees in Morris's will had predeceased her, eliminating the need for an administration or for probate of the will. Heather further alleged that she is Morris's only surviving heir, over the age of twenty-four, and "a competent adult capable of caring for herself and managing her own affairs," and requested a judgment sending her into possession of Morris's estate.

On January 4, 2017, Sandra Dykes Watkins filed an exception to Heather's petition, raising an objection of no right of action. Watkins' exception alleged that Morris had executed a subsequent valid notarial will on September 1, 2009, in which she (Watkins) was the sole universal legatee, and therefore Heather did not have a right of action to seek possession of Morris's estate. Watkins also filed a Petition for Filing of Notarial Will and for Possession, and attached Morris's 2009 will thereto. In the 2009 will, in addition to bequeathing her entire estate to Watkins, Morris specifically expressed her intention not to leave any part of her estate to Heather. To this end, Morris stated that Heather was not a forced heir, noting that she was not mentally incapacitated or physically infirmed such that she was permanently incapable of taking care of her person or administering her estate, and declared her intent to "leave her nothing as allowed by Louisiana law."

---

[1] Heather filed a copy of Morris's April 25, 2002 notarial testament with her Petition for Possession.

2

Heather opposed both Watkins' petition for possession and the exception of no right of action, alleging for the first time that she is a forced heir. Several months later, Heather amended her own Petition for Possession, acknowledging the existence of the 2009 will, but contesting its validity on the basis of a lack of testamentary capacity and forced heirship.[2] With regard to her claim of forced heirship, Heather alleged:

> According to medical documentation, Petitioner, HEATHER M. MORRIS, suffers from pancreatic cancer, which is an inherited, incurable disease that renders her incapable of caring for her person or administering her estate in the future.

On August 30, 2017, Watkins propounded discovery requests on Heather, through her counsel of record, including the following requests pertinent to her claims of forced heirship:[3]

**Interrogatory No. 7:**
Identify and explain any and all illnesses, diseases, conditions, and/or sicknesses suffered by you that existed <u>at the time of the Decedent's death</u>.

**Interrogatory No. 8:**
Identify any and all medical records, histories, and/or documentation which prove and/or substantiate the existence, <u>at the time of the Decedent's death</u>, of any illness, diseases, condition, and/or sickness identified in response to Interrogatory No. [7].

**Interrogatory No. 9:**
Identify any and all medical records, histories, and/or documentation which prove and/or substantiate that any illness, disease, condition, and/or sickness identified in response to Interrogatory No. [7] is inherited **and** incurable.

**Interrogatory No. 10:**
Identify and explain how any illness, disease, condition, and/or sickness identified in response to Interrogatory No. [7] renders you incapable of caring for yourself or administering your estate in the future.

---

[2] Heather's claim that Morris lacked the requisite mental capacity to execute a valid will was later dismissed on summary judgment without opposition, leaving only Heather's forced heirship claim at issue in these proceedings.
[3] The remaining discovery requests concerned Heather's claims that Morris lacked testamentary capacity to execute the 2009 will, which were later dismissed on summary judgment.

**Interrogatory No. 11:**

Identify any and all medical records, histories, and/or documentation which proves and/or substantiates that any illnesses, diseases, conditions, and/or sicknesses identified in response to Interrogatory No. [7] renders you incapable of caring for yourself or administering your estate in the future.

**Interrogatory No. 13:**

Identify any and all documents or other exhibits you intend on offering as evidence at the trial of this matter and, with respect to such documents or exhibits, please identify the following information:
1) A description of the document or exhibit; and
2) Who, if anyone, will be used to authenticate such document or exhibit.

**Request for Production No. 4:**

Produce any and all medical records, histories, and/or documentation concerning any illness, disease, condition, and/or sickness suffered by you that existed at the time of Decedent's death.

**Request for Production No. 5:**

Produce any and all medical records, histories, and/or documentation concerning the incurable and inherited nature of any illness, disease, condition, and/or sickness suffered by you that existed at the time of Decedent's death.

**Request for Production No. 6:**

Produce any and all medical records, histories, and/or documentation concerning your inability to care for yourself or administer your estate in the future caused by any illness, disease, condition, and/or sickness suffered by you that existed at the time of Decedent's death.

**Request for Production No. 7:**

In response to Interrogatory No. 13, produce copies of any documents or other exhibits you intend on offering as evidence at the trial of this matter.

Heather did not respond to Watkins' August 30, 2017 discovery requests within thirty days, as required by La. C.C.P. art. 1458. On October 25, 2017, counsel for Watkins sent a letter to Heather's attorneys, stating that he had still not received any response to discovery, despite their assurances on October 11, 2017 that the responses were being prepared. Watkins' counsel expressed his intent to initiate a Rule 10.1 discovery conference[4] on November 3, 2017 if the discovery responses

---

[4] Louisiana District Court Rules Rule 10.1(a) provides that before filing a motion to compel discovery, the moving attorney shall confer in person or by telephone with opposing counsel for the purpose of amicably resolving the discovery dispute.

were not received by that date. Watkins' attorney then attempted, without success, to initiate the Rule 10.1 conference with Heather's attorneys on November 3. According to Watkins' attorney, he contacted Heather's counsel on November 3 as scheduled, but was told by one of Heather's attorneys that they were unavailable and would return his call later in the day. When no return call was received, Watkins' attorney attempted to contact Heather's attorneys again, but his calls were unanswered. Thereafter, he sent a written notice to Heather's attorneys that he would file a motion to compel if the discovery responses were not received by November 9, 2017. No discovery responses were received, and Watkins filed a motion to compel discovery on November 14, 2017, which was set for hearing on December 18, 2017.

On the evening of Sunday, December 17, 2017, the night before the hearing, Heather's attorney emailed discovery responses to opposing counsel, along with a note stating that he would not be present at the hearing on the motion to compel due to a "schedule conflict." The attached discovery responses contained very minimal information related to Heather's forced heirship claims. The only substantive information provided pertinent to her forced heirship claims was in response to Interrogatory No. 7, asking her to "[i]dentify and explain" any and all illnesses, diseases, conditions, and/or sicknesses from which she suffered at the time of Morris's death. To this interrogatory, Heather's response was simply that there were "several . . . including but not limited to pancreatic cancer." In response to Nos. 8-11, which asked her to identify any medical records or documents that would substantiate that any such illness, disease, condition, or sickness existed at the time of Morris's death, is inherited and incurable, and will render Heather incapable of caring for herself or administering her estate in the future, Heather responded that she was not in possession of the requested information, objected on the grounds that the interrogatory sought a legal conclusion and/or expert medical opinion that she is

5

not qualified to render, and deferred to her treatment records and treating physicians (which were neither provided nor identified). Further, Heather objected to Interrogatory No. 13 (requesting that she identify any documents or exhibits to be offered as evidence at the trial, as well as the person who will be used to authenticate the document or exhibit, where applicable) on the grounds of "prematurity" and stated that "all exhibits will be circulated and identified in accordance with the Court's Pretrial Order." Likewise, with regard to Request for Production Nos. 4-7, requesting that she produce the medical records, documents, and exhibits identified in response to the Interrogatories, Heather responded to Nos. 5 and 6 by stating that she was "not in possession of the requested information at this time," and omitted Nos. 4 and 7 entirely. No documents were produced in response to Watkins' discovery requests.

The hearing was held as scheduled on Watkins' motion to compel on December 18, 2017. Counsel for Heather was not present, but notified the trial court by fax prior to the hearing that the outstanding discovery responses had been provided to opposing counsel the night before, thereby rendering the hearing on the motion to compel moot. Following oral argument by Watkins' attorney, the trial court granted the motion to compel and ordered Heather to provide "sufficient" responses to Watkins' discovery requests within thirty days of the date of the hearing.

Despite the court's order that Heather provide "sufficient" responses by January 17, 2018, Heather's supplemental responses, dated January 18, 2018, provided little to no additional information. Heather amended her answer to Interrogatory No. 7 to state that she suffered from "several illnesses, diseases, conditions, and/or sicknesses including but not limited to pancreatic cancer, more specifically the effects of a pancreatic neuroendocrine tumor." She did not supplement her original non-responses to Nos. 8-11, and in response to No. 13,

which requested that she identify any documents or exhibits to be introduced in evidence at trial, she listed only the following, reserving the right to add additional exhibits as she deems necessary and proper:

1. Any statement taken by any other party of any person with information relevant to the underlying cause of action;

2. Any and all pleadings, discovery submitted by plaintiff or any other party and responses thereto;

3. Any deposition taken in this matter to the extent admissible;

4. Any impeachment or rebuttal exhibits that may become necessary;

5. Any exhibit listed by any other party and not objected to by Heather Morris;

6. Any expert report along with supporting documentation; and

7. Any other relevant documents, as they are generated or discovered.

Heather's only supplement to her original responses to the requests for production (wherein she produced no documents whatsoever) was in response to No. 4, which requested any medical records or documentation regarding any identified medical condition. Heather's supplemental response was simply "Please see attached." However, the record before us contains no such attachment, and it appears that no attachment existed. Heather again failed to respond in any way to Request No. 7, which sought production of any documents or exhibits to be introduced in evidence at trial.

Trial on the matter was scheduled for September 28, 2018, almost two years after Morris's death. On July 11, 2018, Watkins filed a motion seeking to have Heather's forced heirship claims dismissed for failure to comply with the trial court's order compelling discovery, or alternatively, to prohibit her from introducing any evidence in support of her forced heirship claims. Heather filed an untimely opposition to Watkins' motion, and a hearing was held on September 17, 2018 on

the motion.[5] Counsel for Heather appeared at the hearing and argued that sanctions were not appropriate because supplemental discovery responses were sent in January 2018 in response to the trial court's order compelling discovery. He also argued that Watkins should be aware of the identity of Heather's treating physician(s) and should depose them. With the trial date less than two weeks away, Heather's counsel suggested that the trial court grant a continuance in order to allow Watkins to "prepare a defense to what [Heather's] witnesses are going to testify to." At the conclusion of the hearing, the trial court granted Watkins' motion and dismissed Heather's forced heirship claims with prejudice as a sanction under La. C.C.P. art. 1471 for failure to comply with the trial court's discovery order. Since the forced heirship claims were the only remaining issue for trial, the trial court also dismissed the scheduled bench trial as moot.

Heather filed a devolutive appeal. Her appellate brief, which was due on May 21, 2019, was not received timely, and this court issued a notice of abandonment in accordance with URCA Rule 2-8.6, noting that her appeal would be dismissed if no brief was received by July 4, 2019. A brief was electronically filed on Heather's behalf on June 30, 2019, but was marked as non-compliant by this court for failure to comply with URCA Rule 2-12.2(D)(2), which requires in part that briefs be in "Roman or Times New Roman 14 point or larger computer font, normal spacing." As no compliant brief was filed within the abandonment period, Heather's appeal was dismissed as abandoned on July 17, 2019. Thereafter, Heather filed a motion for rehearing, seeking to have her appeal reinstated on the grounds that her June 30, 2019 brief was actually compliant with Rule 2-12.2(D)(2) when submitted

---

[5] Under Louisiana District Court Rules Rule 9.9(c), an opposition memorandum shall be furnished to the trial judge and served on all other parties so that it is received at least eight calendar days before the scheduled hearing date. Heather's opposition memorandum was filed with the trial court on September 12, 2018, and Watkins' counsel informed the court that he had to contact Heather's attorney to obtain a copy of the opposition on Thursday, September 13, 2018. At the hearing, counsel for Watkins informed the trial court that Heather's attorney had provided him with two pages of documents, presumably in response to discovery, several days before the hearing along with the tardy opposition memorandum. Watkins' counsel did not assert that his discovery requests were satisfied by these two unidentified pages of documents, but merely informed the court that a total of two pages of documents had been received. These documents are not contained in the record.

electronically and urging that the apparent non-compliance must have been due to the electronic transmission process. This court granted the application for rehearing and reinstated Heather's appeal on September 3, 2019, with new briefing delays to be set by the Clerk's office. *In Re Succession of Morris*, 2019-0562 (La.App. 1 Cir. 9/3/19) (unpublished). On October 11, 2019, this court again issued a notice of abandonment of appeal, stating that Heather's appellate brief had not been received by the September 28, 2019 deadline and her appeal would be dismissed if a brief was not filed with this court on or before November 10, 2019. Heather's brief was finally filed with this court on November 9, 2019.

## DISCUSSION

The only remaining issue before the trial court at the time of the September 17, 2018 hearing was Heather's status as a forced heir. To qualify as a forced heir, a descendent over the age of twenty-three must be permanently incapable of taking care of his or her person or administering his or her estate at the time of the decedent's death, due to a mental incapacity or physical infirmity. La. C.C. art. 1493(A). Although Heather alleged in her December 29, 2016 petition that she was over the age of twenty-four and "a competent adult capable of caring for herself and managing her own affairs," a descendent is considered to be permanently incapable of taking care of his or her person or administering his or her estate at the time of the decedent's death for forced heirship purposes if the descendent has, at the time of the decedent's death, *according to medical documentation*, an inherited, incurable disease or condition that may render him or her incapable of caring for his or her person or administering his or her estate in the future. La. C.C. art. 1493(E).

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and

9

location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. La. C.C.P. art. 1422. To this end, Watkins sought to discover the factual basis and evidentiary support for Heather's forced heirship claims; i.e., that Heather has an inherited and incurable disease or condition, that it existed at the time of Morris's death, that it may render Heather incapable of caring for her person or administering her estate in the future, and that medical documentation supports each of these criteria.

Where a party fails to answer an interrogatory or respond to a request for production, a trial court may issue an order compelling discovery on the motion of a party. La. C.C.P. art. 1469(2). For these purposes, an evasive or incomplete answer is to be treated as a failure to answer. La. C.C.P. art. 1469(3). Thereafter, where a party fails to obey a trial court order compelling discovery, the trial court may make such orders in regard to the failure as are just, including any of the following:

(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a final default judgment against the disobedient party upon presentation of proof as required by Article 1702.

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Subparagraphs (1), (2), and (3) of this Paragraph, unless the party failing to comply shows that he is unable to produce such person for examination.

La. C.C.P. art. 1471(A).

Louisiana law distinguishes between the sanctions available for failure to comply with discovery requests and sanctions for disobedience of court-ordered discovery. *BancorpSouth Bank v. Kleinpeter Trace, L.L.C.*, 13-1396, p. 23 (La.App. 1 Cir. 10/1/14), 155 So.3d 614, 630, *writ denied*, 14-2470 (La. 2/27/15), 159 So.3d 1067. A party may seek a court order compelling a response to discovery under La. C.C.P. art. 1469, and if the order is granted, the mover may recover the reasonable costs and attorney fees incurred in obtaining the order. La. C.C.P. art. 1469(A)(4). However, if a party fails to obey such an order by the trial court to provide or permit discovery, the trial court may impose the more severe sanctions set forth in La. C.C.P. art. 1471. By its express terms, article 1471 grants these remedies only when a trial court order compelling discovery is in effect and a party has failed to obey the order. *BancorpSouth Bank*, 13-1396 at p. 23-24, 155 So.3d at 630-31.

Criteria to be considered in imposing sanctions under article 1471 are the prejudice to the other party and the willfulness of the disobedient party. *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, 204. The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its rulings should not be reversed absent an abuse of discretion. *Hutchinson v. Westport Insurance Corporation*, 04-1592, p. 2 (La. 11/8/04), 886 So.2d 438, 440. Despite this wide discretion, the Louisiana Supreme Court has cautioned that dismissal for a discovery violation is a draconian penalty that should only be applied in extreme circumstances. *Hutchinson*, 04-1592 at p. 2, 886 So.2d at 440 (per curiam); *Horton*, 635 So.2d at 203. A sanction of dismissal involves property rights; therefore, such a sanction should be reserved for the most culpable conduct. *Lirette v. Babin Farm, Inc.*, 02-1402 (La.App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143. Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court

11

order of discovery and only after an opportunity to be heard has been afforded the litigant. *Hutchinson*, 04-1592 at p. 2, 886 So.2d at 440.

Before taking the drastic action of dismissal for violation of a discovery order, a trial court should consider the following four factors: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *BancorpSouth Bank*, 13-1396 at p. 25, 155 So.3d at 631.

The sanctions provided by article 1471(A) were available to the trial court in this matter, since the trial court had previously issued an order compelling Heather to provide sufficient discovery responses. Thus, the trial court's imposition of a particular sanction under article 1471(A) is reversible only if the trial court abused its discretion.

The discovery at issue in this case was initially propounded on August 30, 2017. Despite numerous attempts over the course of more than a year to obtain the information sought, which information concerned the essential elements of the only remaining issue before the court, Heather's responses were untimely, evasive, and incomplete at best. Heather argues on appeal that the trial court erred in imposing sanctions against her, since her attorneys responded to discovery on December 17, 2017, and then supplemented her original responses with "more substantive responses" on January 18, 2018. However, as noted above, evasive or incomplete answers are treated as a failure to answer, and there is no question that Heather's responses to discovery in this matter were evasive and incomplete. At the time of the September 17, 2018 sanction hearing, less than two weeks before the trial date, Heather had still not provided adequate responses to Watkins' August 30, 2017 discovery requests.

Although dismissal was the harshest sanction available to the trial court for Heather's failure to comply with its order compelling discovery, most of the less-severe alternatives available under La. C.C.P. art. 1471 would have yielded essentially the same result. For instance, the trial court could have chosen to order that certain facts relating to Heather's forced heirship claims were established as proven for purposes of the litigation in Watkins' favor (La. C.C.P. art. 1471(A)(1)); it could have prohibited Heather from presenting evidence in support of her forced heirship claims (La. C.C.P. art. 1471(A)(2)); or it could have chosen to strike her allegations of forced heirship from the pleadings (La. C.C.P. art. 1471(A)(3)). However, any of these sanctions, if imposed by the trial court, would ultimately result in the dismissal of Heather's claims, since Heather's status as a forced heir was the only issue remaining before the court. Although the trial court could have chosen the least severe sanctions, such as staying the action pending compliance with its discovery order (La. C.C.P. art. 1471(A)(3)) or treating Heather's failure to comply with the discovery order as contempt of court (La. C.C.P. art. 1471(A)(4)), this court has held that refusal to comply with court-ordered discovery is a serious matter, and trial courts must have severe sanctions available to deter litigants from flouting discovery orders. *JP Morgan Chase Bank, N.A. v. Boohaker*, 14-0594, p. 12 (La.App. 1 Cir. 11/20/14), 168 So.3d 421, 429. Considering the nature of the refusal to comply with discovery, the prejudice to Watkins in preparing a defense, and the fact that dismissal would ultimately result even from imposition of several less-severe sanctions, we cannot say that the trial court abused its discretion in dismissing Heather's forced heirship claims with prejudice.

## CONCLUSION

The judgment of the trial court, granting Sandra Dykes Watkins' motion, and dismissing Heather M. Morris's claims with prejudice, is affirmed. Costs of this appeal are to be borne by appellant, Heather M. Morris.

**AFFIRMED.**

| IN MATTER OF | FIRST CIRCUIT |
| SUCCESSION OF | COURT OF APPEAL |
| | STATE OF LOUISIANA |
| YVONNE EDNA MORRIS | NO. 2019 CA 0562 |

CHUTZ, J., dissenting.

I respectfully disagree with the majority. While the trial court has much discretion in imposing discovery sanctions, dismissal is a severe penalty reserved for the most culpable conduct. *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, 203; *Lirette v. Babin Farm, Inc.*, 02-1402 (La. App. 1st Cir. 4/2/03), 843 So.2d 1141, 1143. Moreover, dismissal is generally reserved for only those cases in which *the client, as well as the attorney, is at fault*. Both the Louisiana Supreme Court and this court have held that the record must contain sufficient evidence of the plaintiff's willful disobedience, bad faith, or fault, in order to justify dismissal. See *Horton*, 635 So.2d at 203; *Conbeth, Inc. v. Kittock*, 12-0089 (La. App. 1st Cir. 9/21/12) (unpublished), 2012 WL 4335411, *2-3; *Lirette*, 843 So.2d at 1143; *In re Medical Review Panel*, 99-2088 (La. App. 1st Cir. 12/22/00), 775 So.2d 1214, 1218. This court has explained that "[i]f the record does not contain evidence of plaintiff's, rather than counsel's fault, the trial court, if it grants dismissal, abuses the wide discretion afforded it by La. C.C.P. art. 1471." *In re Medical Review Panel*, 775 So.2d at 1218.

In the present case, the record clearly reflects the egregious conduct of the plaintiff's counsel. The record does not, however, appear to contain any evidence whatsoever showing willful disobedience, bad faith, or fault of the plaintiff personally. Given the lack of such evidence, I believe the trial court abused its discretion in dismissing the plaintiff's claims. See *Horton*, 635 So.2d at 203; *Conbeth, Inc.*, 2012 WL 4335411 at *3; *In re Medical Review Panel*, 775 So.2d at 1218.

For these reasons, I would vacate the judgment of dismissal and remand this matter to the trial court for an evidentiary hearing to determine whether the plaintiff also participated in or was at fault for the failure to comply with the discovery order and, if so, to impose an appropriate sanction (including possible dismissal). See *Horton*, 635 So.2d at 203; *Conbeth, Inc.*, 2012 WL 4335411 at *3. Accordingly, I dissent.

2